895 P.2d 182

**In the Matter of the Driver's License Suspension of Michael S. VIRGIL, DL OR SSN 530–40–8913.**

**Michael S. VIRGIL, Petitioner–Appellant,**

v.

**STATE of Idaho, Respondent.**

No. 21437

Court of Appeals of Idaho.

April 20, 1995.

Petition for Review Denied June 6, 1995.

Jeff R. Stoker, Twin Falls, for appellant.

Alan G. Lance, Atty. Gen. and Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for respondent.

WALTERS, Chief Judge.

This is a civil appeal from a district court order affirming a magistrate's suspension of Michael Virgil's driver's license for failure to submit to an evidentiary breath test. Virgil argues that the license suspension notice used by the city of Twin Falls did not conform to Idaho's implied consent statute, I.C. § 18–8002. We agree and reverse the magistrate's suspension order.

**FACTS AND PROCEDURAL BACKGROUND**

On February 13, 1994, Officer Mark Marvin of the Twin Falls Police Department stopped Virgil after observing him driving at 1:28 a.m. with his headlights off and swerving across the lane dividers. When Virgil failed field sobriety tests, Martin requested that Virgil take an evidentiary breath test. Reading from a standard advisory form provided

by the Twin Falls Police Department, Martin advised Virgil of his rights and duties regarding the evidentiary test. Virgil refused to take the test and his license was seized pursuant to Idaho's implied consent statute, I.C. § 18–8002. Following a hearing on March 4, 1994, the magistrate ordered Virgil's license suspended. Virgil appealed the magistrate's order to the district court and the district court upheld the suspension.

## ANALYSIS

Virgil argues that the district court erred in upholding the magistrate's suspension of his license because the advisory form used by the Twin Falls Police Department did not properly advise him of his rights and responsibilities under I.C. § 18–8002(3). This is a question of law over which this Court exercises free review. *Matter of Beem*, 119 Idaho 289, 290, 805 P.2d 495, 496 (Ct.App.1991). Because the district judge sat in an appellate capacity, the review is conducted independently from, albeit with due regard for, the district court's decision. *Id.* at 291, 805 P.2d at 497.

Virgil first challenges the following language from the advisory form:

4. If you refuse to take or complete any of my offered tests:

a. I will seize your driver's license or permit and will give you a temporary permit unless your license or permit has already been suspended, or unless you have a Commercial driver's license class A, B or C.

At the time Virgil was stopped, he possessed a commercial driver's license, but was not operating a commercial vehicle. Idaho Code § 18–8002(3)(a)[1] requires an officer to inform a driver that if he or she refuses to take an evidentiary test, his or her license will be seized and a temporary permit issued. However, the provision further states that, "in no

instance shall a temporary permit be issued to a driver of a commercial vehicle who refuses to submit to or fails to complete an evidentiary test." Virgil argues that paragraph (4)(a) of the advisory form is inconsistent with I.C. § 18–8002(3)(a) because it advises that those possessing certain classes of commercial driver's licenses will *not* have their licenses seized.

Idaho law requires strict adherence to the statutory language of I.C. § 18–8002(3). This Court has previously held that the information required by I.C. § 18–8002 is set forth "in no uncertain terms," *Beem*, 119 Idaho at 291, 805 P.2d at 497, and that our Supreme Court has "emphatically discountenanced interjection of judicial gloss upon the legislature's license suspension scheme." *Id.* at 292, 805 P.2d at 498. Additionally, our Supreme Court has stated that the license of a driver who refuses to submit to a requested test will be reinstated "if he can establish at the show cause hearing that he was not *completely* advised of his rights and duties under the statute." *Matter of Griffiths*, 113 Idaho 364, 370, 744 P.2d 92, 98 (1987) (emphasis added).

We conclude that paragraph (4)(a) of the advisory form is ambiguous and can reasonably be read two ways. It may be read in a manner supporting Virgil's interpretation and contradicting the statute, i.e., that persons holding certain classes of commercial driver's licenses will not have their licenses seized or be granted temporary permits; or paragraph (4)(a) may be interpreted to mean that persons holding certain classes of commercial driver's licenses will have their licenses seized but will not be granted temporary permits. Our prior cases interpreting I.C. § 18–8002(3) do not permit such ambiguity.

---

1. I.C. § 18–8002(3)(a) reads as follows:

(3) At the time evidentiary testing for concentration of alcohol, or for the presence of drugs or other intoxicating substances is requested, the person shall be informed that if he refuses to submit to or if he fails to complete, evidentiary testing:

(a) His driver's license will be seized by the peace officer and a temporary permit will be

issued; provided, however, that no peace officer shall issue a temporary permit pursuant to this section to a driver whose driver's license or permit has already been and is suspended or revoked because of previous violations, and in no instance shall a temporary permit be issued to a driver of a commercial vehicle who refuses to submit to or fails to complete an evidentiary test[.]

948

Virgil also challenges paragraph (4)(b) of the advisory form, which notifies the driver as follows: "You have a right to submit a written request within seven (7) days to the Magistrate Court of Twin Falls County for a hearing to *explain why* you refused to take the tests" (emphasis added). Virgil contends that this provision incorrectly advised him of his burden of proof under I.C. § 18–8002(3)(b). Idaho Code § 18–8002(3)(b) states that a driver whose license is seized must be informed that he or she has "the right to request a hearing within seven (7) days to *show cause* why he refused to submit to, or complete evidentiary testing" (emphasis added). Virgil argues that the phrase, "explain why," communicates a lower burden of proof than the phrase, "show cause." He also asserts that the latter phrase connotes legal justification or proof which is not conveyed by the phrase, "explain why." We agree.

Our Supreme Court has stated that the term, "cause," as contemplated by I.C. § 18–8002(3)(b), envisions "something more than any reason." *Griffiths,* 113 Idaho at 372, 744 P.2d at 100, *citing State v. Ankney,* 109 Idaho 1, 704 P.2d 333 (1985). The driver "must establish cause of a sufficient magnitude that it may be fairly said that a suspension of his license would be unjust or inequitable." *Id.; see also Matter of Goerig,* 121 Idaho 26, 29, 822 P.2d 545, 548 (Ct.App.1991) ("The burden of proof rests on the defendant to prove physical inability to take the test or to establish another cause of sufficient magnitude to refuse to take the test."). We conclude that the phrase, "show cause," more accurately conveys the driver's burden of proof at the suspension hearing than does the phrase, "explain why." Because the requirements of I.C. § 18–8002(3) are recited "in no uncertain terms," *Beem, supra,* and drivers must be "completely" advised of their rights and duties under that provision, *Griffiths, supra,* we hold that Virgil was not properly advised pursuant to I.C. § 18–8002(3).

## CONCLUSION

We conclude that the advisory form used by the Twin Falls Police Department did not properly advise Virgil of his rights and duties under Idaho's implied consent statute, I.C. § 18–8002. Accordingly, we reverse the magistrate's order suspending Virgil's driver's license.

LANSING, J., concurs.

PERRY, Judge, dissenting.

Because I believe the majority of this Court has strained the reading of the I.C. § 18–8002 notification form beyond any reasonable interpretation, I respectfully dissent.

In dealing with paragraph 4(a), the majority must leap from the first phrase to the last clause in its attempt to find an ambiguity. Section 4(a) clearly states that if a person refuses to take or complete an evidentiary test, his driver's license will be seized. Once seized by the officer, however, that license will be replaced by a temporary permit unless one of two exceptions apply. The first being that the license is already suspended; the second being that the license is of a particular class. I find the reading by the majority that the phrase "unless you have a Commercial driver's license class A, B or C" relates back to and modifies whether a person's license will be seized, rather than whether a temporary permit will be issued, strains any reasonable interpretation of the notification.

Secondly, the majority concludes that the phrase "'show cause,' more accurately conveys the driver's burden of proof at the suspension hearing than does the phrase, 'explain why.'" Though I may concede that at times one phrase may be more accurate than another, I disagree that, in this circumstance, the use of the phrase "explain why" leads to the further conclusion by the majority that Virgil was not properly advised pursuant to I.C. § 18–8002(3). A driver is notified that the burden of proof to justify a refusal is placed upon him at the evidentiary hearing. The attempt by the state to use terms more understandable to a lay person, without the use of confusing "legalese," has not, in my view, misrepresented the intent of I.C. § 18–8002(3).

I conclude that the current notification complies with this Court's ruling in *Beem* that the information be set forth "in no uncertain terms." Therefore, I would affirm the magistrate's order suspending Virgil's driver's license.