34 P.3d 1092

**In the Matter of the DRIVER'S LICENSE SUSPENSION OF Brian E. HEAD.**

**Brian E. Head, Petitioner–Appellant,**

v.

**State of Idaho, Respondent.**

No. 24895.

Court of Appeals of Idaho.

Nov. 14, 2000.

Review Granted Feb. 14, 2001.

Siebe Law Office, Moscow, for appellant. James E. Siebe argued.

Hon. Alan G. Lance, Attorney General; Rebekah A. Cude, Deputy Attorney General, Boise, for respondent. Rebekah A. Cude argued.

PERRY, Chief Judge.

Brian E. Head appeals from the district court's order affirming the magistrate's suspension of Head's driver's license for 180 days for failure to submit to an evidentiary blood alcohol concentration test (BAC). I.C. § 18–8002. We reverse.

## I.

## BACKGROUND

In the early morning hours of November 1, 1997, Head was the sole person found at the scene of a single-vehicle accident. Head was extricated from the vehicle, treated for injuries, and transported to a hospital for further care. After arriving at the hospital, Head was met by a police officer from the Latah County sheriff's office. The officer interviewed Head, read Head an advisory form notifying him of his rights and duties in regard to submitting to a BAC, and requested that Head submit to a BAC. Head asked to speak with an attorney. The officer informed Head that he did not have the right to speak to an attorney. Head refused to submit to the BAC. Head was then arrested for driving under the influence of alcohol (DUI), and his driver's license was seized.

Head pled not guilty and filed a request for a refusal hearing. At the refusal hearing, the magistrate determined that the form read to Head prior to his refusal to submit to the BAC met the requirements under I.C. § 18–8002(3) and that Head had shown no justification for his refusal to submit to the BAC. The magistrate ordered that Head's license be suspended for a period of 180 days. Head appealed to the district court, which affirmed the magistrate. Head again appeals.

## II.

## ANALYSIS

### A. Standard of Review

On review of a decision of the district court, rendered in its appellate capacity, we examine the record of the trial court independently of, but with due regard for, the district court's intermediate appellate decision. *State v. Bowman,* 124 Idaho 936, 939, 866 P.2d 193, 196 (Ct.App.1993). The issue raised on appeal is a question of law. Therefore, this Court exercises free review. *Matter of Virgil,* 126 Idaho 946, 947, 895 P.2d 182, 183 (Ct.App.1995).

### B. Advisory Form

Head argues that the magistrate erred in holding that the law enforcement advisory form read to Head before the officer asked Head to submit to a BAC met the requirements of I.C. § 18–8002. Head does not contend that the traffic stop was illegal, that he was not informed of the information mandated by I.C. § 18–8002(3), that he had a right to talk to an attorney before submitting to the BAC, or that his refusal of the requested BAC was based on the misinformation given to him by the officer. Rather, Head argues that due to the inclusion of incorrect additional information, the advisory form misinformed him about the consequences of taking, and failing to pass, the BAC. Thus, Head asserts that this misadvisement by law enforcement precludes the suspension of his license for his refusal to take the BAC.

The form read to Head contained the following information in compliance with I.C. § 18–8002(3):

4. If you refuse to take or complete any of my offered tests:

A. I will seize your driver's license or permit and will give you a temporary permit unless your license or permit has already been suspended. In no instance shall a temporary permit be issued to a driver of a commercial vehicle.

B. You have a right to submit a written request within seven (7) days to the Magistrate Court of Latah County for a hearing to explain why you refused to take the test(s).

C. If you do not request a hearing or if you do not win at the hearing, your license will be suspended with absolutely no driving privileges for 180 days if this is your first refusal: If

this is not your first refusal in the last five years, your license will be suspended for one (1) year. This suspension shall be separate from any other suspension ordered by the court.

However, in addition, the advisory form also contained the following erroneous information:

5. If you take the evidentiary test(s) and the results indicate an alcohol concentration in violation of the provisions of Section 18–8004, Idaho Code, or the presence of drugs or other intoxicating substances:

. . . .

C. You will be served with a *Notice of Suspension* effective in thirty days, suspending your driver's license or privileges. If this is your first failure of an evidentiary test your driver's license or driving privileges will be suspended for ninety (90) days, with absolutely no driving privileges during the first thirty (30) days. . . . If this is not your first failure of an evidentiary test within the last five years, your driver's license or driving privileges will be suspended for one (1) year with absolutely no driving privileges of any kind during that period.

This latter portion of the advisory form set forth a penalty for taking and failing the BAC that was mandated by I.C. 18–8002A, a statute which was not yet in effect at the time Head was requested to submit to a BAC.[1] Based on this additional erroneous information, Head argues that the advisory form incorrectly notified him that there was *both* a penalty for refusing the requested BAC *and* a penalty for taking and failing the BAC. Therefore, Head contends that the magistrate's determination that Head was properly informed of the law and then refused to submit to the BAC must be reversed.

■ There is no Idaho case law directly addressing the issue of whether an advisory form, otherwise in accordance with the provisions of I.C. § 18–8002(3), is invalidated by the inclusion of incorrect additional information. The parties agree that the three controlling cases in this area are *Matter of Griffiths*, 113 Idaho 364, 744 P.2d 92 (1987); *Virgil;* and *Matter of Beem*, 119 Idaho 289, 805 P.2d 495 (Ct.App.1991). The parties disagree, however, on their applicability and interpretation to the facts at hand.

Idaho Code Section 18–8002 pertains to the rights and ramifications implicit in a defendant's decision to refuse to submit to a BAC or other evidentiary exam upon suspicion of driving under the influence. Under I.C. § 18–8002(3), the driver-defendant bears the burden of proving that his or her license should be reinstated once it has been seized pursuant to this statute. *Griffiths*, 113 Idaho at 368, 744 P.2d at 96. One way for a driver-defendant to prevail at the refusal hearing is to show that he or she was "not advised of the information regarding refusal mandated by I.C. § 18–8002(3)." *Id.*

In *Griffiths*, the Idaho Supreme Court concluded that Griffiths' failure to submit to the initial request for a BAC was not technically a refusal within the meaning of I.C. § 18–8002 because the officer had failed to inform Griffiths that he could have additional tests done at his own expense as required under I.C. § 18–8002(3)(d). *Griffiths*, 113 Idaho at 370, 744 P.2d at 98.

In *Virgil*, this Court determined that one of the paragraphs in the advisory form read to Virgil was open to two possible interpretations and that the form contained an expression which had been substituted for a phrase with a precise legal meaning. Based on these two deficiencies, this Court concluded that the advisory form read to Virgil did not recite the requirements of I.C. § 18–8002(3) in no uncertain terms. *Virgil*, 126 Idaho at 948, 895 P.2d at 184.

In *Beem*, this Court determined that the advisory form read to Beem erroneously listed the authorized period of suspension, in the event that Beem refused to submit to the evidentiary test and failed to prevail at a later refusal hearing, as being 120 days. This information was in contrast to I.C. § 18–8002(3)(c), which required that a driver-defendant be informed that his or her license

---

1. Idaho Code Section 18–8002A was adopted in the legislative session of 1997, to be effective on January 1, 1998. *See* 1997 Idaho Session Laws, ch. 238, § 7, p. 700.

would be suspended for a period of 180 days. The inclusion of this incorrect information led this Court to conclude that Beem's refusal "to submit to the test could not be the basis for the suspension of his license for any period because the officer failed to correctly advise Beem of the authorized period of suspension." *Beem,* 119 Idaho at 292, 805 P.2d at 498.

Although *Griffiths, Virgil,* and *Beem* dealt only with I.C. § 18–8002(3), each stands for the general proposition that the state has the burden of adequately informing the driver-defendant of the law pursuant to I.C. § 18–8002. In addition, *Virgil* requires that the information given to the driver-defendant be in *strict* compliance with the language set forth in the statute. In this case, Head was read the correct information listed in I.C. § 18–8002(3), but was incorrectly advised that if he took and failed the test he would have his license automatically suspended for a period of ninety days or one year. This latter information was part of I.C. § 18–8002A—a statute that was not in effect at the time Head was requested to submit to the BAC. Similar to *Beem,* where this Court noted that the officer unknowingly utilized an *outdated* form, here the officer *prematurely* used a form apparently due to an early distribution of the form. Therefore, the advisory form incorrectly notified Head that there was *both* a penalty for refusing the BAC *and* a penalty for taking and failing the BAC. The error in the advisory form was not insignificant. The nature of the misinformation was such as to create a disincentive for a driver to take the BAC. Applying *Griffiths, Virgil* and *Beem,* we conclude that a driver-defendant must be properly advised under the law in effect at the time the BAC is requested. Thus, we hold that erroneously advising Head that he faced penalties for taking and failing the BAC, when there were no such penalties in effect under the law, was a material and misleading addition that made the form used in this case void and invalidated the officer's notification.

The state argues that, even if Head was improperly advised as to the law in effect at the time the BAC was requested, Head had the burden of showing that he relied on the misinformation in deciding to refuse the BAC. The state asserts that Head's refusal of the BAC was based on the fact that he was not allowed to consult an attorney, not the additional erroneous information contained in the advisory form. We are unpersuaded. Pursuant to *Griffiths, Virgil,* and *Beem,* a defendant must *only* show that he or she was not properly advised of the required information. As stated in *Beem,* the Idaho Supreme Court "has emphatically discountenanced interjection of judicial gloss upon the legislature's license suspension scheme." *Beem,* 119 Idaho at 292, 805 P.2d at 498. Therefore, we hold that in order to prevail, a driver-defendant need not show that he or she relied on the erroneous information as the basis for any refusal.

Based on the facts of this case, and the strict standard of compliance set forth in *Griffiths, Virgil,* and *Beem,* we hold that the inclusion of the additional erroneous information from I.C. 18–8002A caused the advisory form read to Head to not meet the requirements of the law in effect at the time Head was asked to submit to the BAC. Thus, Head's license suspension by the magistrate cannot be upheld.

## III.

## CONCLUSION

Erroneously advising Head that he faced penalties for taking and failing the BAC, when there were no such penalties in effect under the law, made the form used in this case void and invalidated the officer's notification. Furthermore, Head was not required to show that he relied on the erroneous information in order to prevail at the refusal hearing. Thus, the magistrate erred in suspending Head's driver's license. Therefore, the order of the district court, upholding the magistrate's suspension of Head's driver's license, is reversed.

Judge LANSING, and Judge Pro Tem CAREY concur.