# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket Nos. 48728/48729

| | |
|---|---|
| CORY RAY NUNNALLY, | ) |
| | ) Filed: December 30, 2021 |
| Petitioner-Appellant, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| IDAHO TRANSPORTATION | ) OPINION AND SHALL NOT |
| DEPARTMENT, | ) BE CITED AS AUTHORITY |
| | ) |
| Respondent. | ) |
| | ) |

Appeal from the District Court of the Second Judicial District, State of Idaho, Idaho County. Hon. Gregory FitzMaurice, District Judge.

Order of the district court affirming the hearing officer's orders upholding the suspension of driver's license and disqualification of commercial driver's license, affirmed.

Clark and Feeney, LLP; Paul Thomas Clark, Lewiston, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Susan K. Servick, Deputy Attorney General, Coeur d'Alene, for respondent.

---

HUSKEY, Chief Judge

Cory Ray Nunnally appeals from the district court's decision on judicial review affirming the hearing officer's orders sustaining the suspension of Nunnally's driver's license for ninety days and the disqualification of his commercial driver's license for life. Nunnally argues that Trooper Kesler incorrectly informed Nunnally of his rights prior to taking the breathalyzer test, and therefore, the administrative hearing officer erred by sustaining the suspensions. Because the advisory given was in substantial compliance with the statutory language of Idaho Code § 18-8002A, we affirm.

1

# I.

# FACTUAL AND PROCEDURAL BACKGROUND

While finishing the investigation of a car accident, Trooper Kesler observed a car with only one functioning headlight approach the scene, make a U-turn, and park in front of Trooper Kesler's patrol vehicle. Nunnally, the car's driver, got out of his car and walked to the crash site. Trooper Kesler approached Nunnally to find out why he was at the scene. Nunnally exhibited multiple signs of impairment, and Trooper Kesler suspected that Nunnally was driving under the influence (DUI). Trooper Kesler requested that Nunnally perform field sobriety tests, which Nunnally declined. However, Nunnally agreed to take a breathalyzer test.

Prior to taking the breathalyzer test, Trooper Kesler read the advisory required by I.C. § 18-8002A aloud and provided Nunnally a written copy. Both the oral and written advisories correctly stated that Nunnally would be subject to having his driver's license suspended if he refused to take or failed the evidentiary testing. After correctly reading the advisory, Trooper Kesler partially summarized its terms, first telling Nunnally that the advisory only applied if he refused evidentiary testing but subsequently telling Nunnally that it applied if he either failed or refused the test. Nunnally submitted to and failed the breathalyzer test. Trooper Kesler cited Nunnally for driving under the influence.

Nunnally was issued a notice of administrative suspension of his driver's license for ninety days and, in a separate case,[1] a notice of disqualification of his commercial driver's license for life. Nunnally requested Idaho Transportation Department (Department) hearings to challenge the suspensions arguing, in part, that Trooper Kesler did not properly advise him of his rights pursuant to I.C. § 18-8002A. The hearing officer disagreed and entered final orders affirming Nunnally's suspension of his driver's license for ninety days and disqualification of his commercial driver's license for life. Nunnally petitioned for judicial review to challenge the final orders. The district court affirmed the hearing officer's decisions. Nunnally timely appeals.

# II.

# STANDARD OF REVIEW

The administrative license suspension statute, I.C. § 18-8002A, requires the Department to suspend the driver's license of a driver who has failed a breath alcohol concentration test

---

[1]     These cases have been consolidated on appeal.

2

administered by a law enforcement officer. The period of suspension is ninety days for a driver's first failure of an evidentiary test and one year for any subsequent test failure within five years. I.C. § 18-8002A(4)(a). A person who has been notified of an administrative license suspension (ALS) may request a hearing before a hearing officer, designated by the Department, to contest the suspension. I.C. § 18-8002A(7); *Kane v. State, Dep't of Transp.*, 139 Idaho 586, 588, 83 P.3d 130, 132 (Ct. App. 2003). The burden of proof at an ALS hearing is on the individual challenging the license suspension. *Kane*, 139 Idaho at 590, 83 P.3d at 134. The hearing officer must uphold the suspension unless he or she finds, by a preponderance of the evidence, that the driver has shown one of several grounds enumerated in I.C. § 18-8002A(7) for vacating the suspension.

An administrative hearing officer's decision is subject to challenge through a petition for judicial review. I.C. § 18-8002A(8). The Idaho Administrative Procedures Act (IDAPA) governs judicial review of the Department's decisions to deny, cancel, suspend, disqualify, revoke, or restrict a person's driver's license. *Archer v. State, Dep't of Transp.*, 145 Idaho 617, 619, 181 P.3d 543, 545 (Ct. App. 2008). In an appeal from the decision of the district court acting in its appellate capacity under IDAPA, this Court reviews the agency record independently of the district court's decision. *Marshall v. Idaho Dep't of Transp.*, 137 Idaho 337, 340, 48 P.3d 666, 669 (Ct. App. 2002). This Court does not substitute its judgment for that of the agency as to the weight of the evidence presented. I.C. § 67-5279(1); *Marshall*, 137 Idaho at 340, 48 P.3d at 669. Instead, this Court defers to the agency's findings of fact unless they are clearly erroneous. *Castaneda v. Brighton Corp.*, 130 Idaho 923, 926, 950 P.2d 1262, 1265 (1998); *Marshall*, 137 Idaho at 340, 48 P.3d at 669. In other words, the agency's factual determinations are binding on the reviewing court, even where there is conflicting evidence before the agency, so long as the determinations are supported by substantial and competent evidence in the record. *Urrutia v. Blaine County, ex rel. Bd. of Comm'rs*, 134 Idaho 353, 357, 2 P.3d 738, 742 (2000); *Marshall*, 137 Idaho at 340, 48 P.3d at 669.

This Court may overturn an agency's decision where its findings, inferences, conclusions, or decisions: (a) violate statutory or constitutional provisions; (b) exceed the agency's statutory authority; (c) are made upon unlawful procedure; (d) are not supported by substantial evidence in the record; or (e) are arbitrary, capricious, or an abuse of discretion. I.C. § 67-5279(3). The party challenging the agency decision must demonstrate that the agency erred in a manner specified in I.C. § 67-5279(3) and that a substantial right of that party has been prejudiced. *Price v. Payette*

*County Bd. of County Comm'rs*, 131 Idaho 426, 429, 958 P.2d 583, 586 (1998); *Marshall*, 137 Idaho at 340, 48 P.3d at 669.

## III.

## ANALYSIS

Nunnally contends that applicable case law requires strict compliance with the statutory language of I.C. § 18-8002A. Pursuant to this standard, Nunnally argues that Trooper Kesler's instructions did not completely inform him of the appropriate information. Nunnally also claims that the decision rendered by the administrative hearing officer was made upon unlawful procedures. In response, the Department argues that the district court did not err by affirming the hearing officer's orders because Nunnally was substantially informed of the language found in I.C. § 18-8002(A)(2) and the administrative hearing was not based on improper procedures.

**A.     The Advisory Given to Nunnally Was in Substantial Compliance With the Statutory Language of I.C. § 18-8002A**

Pursuant to I.C. § 18-8002A(7)(e), a license suspension must be vacated if the person was not informed of the consequences of submitting to evidentiary testing, as required by the statute, prior to the evidentiary testing. Idaho Code § 18-8002A(2) sets forth the information to be given to a driver who submits to evidentiary testing as follows:

> At the time of evidentiary testing for concentration of alcohol or for the presence of drugs or other intoxicating substances is requested, the person shall be informed that if the person refuses to submit to or fails to complete evidentiary testing, or if the person submits to and completes evidentiary testing and the test results indicate an alcohol concentration or the presence of drugs or other intoxicating substances in violation of section 18-8004, 18-8004C or 18-8006, Idaho Code, the person shall be informed *substantially* as follows (*but need not be informed verbatim*):
> *If you refuse to submit to or if you fail to complete and pass* evidentiary testing for alcohol or other intoxicating substances:[2]

(Emphasis added.)

Nunnally argues that pursuant to I.C. § 18-8002A, Trooper Kesler's instructions did not completely inform him of the appropriate information because after reading Nunnally the statutory language, Trooper Kesler told him that the advisory statement "only applies to you if you refuse this test that I am about to offer you." In support of this argument, Nunnally relies on *In re Beem*, 119 Idaho 289, 805 P.2d 495 (1991), *Cunningham v. State*, 150 Idaho 687, 249 P.3d 880 (Ct. App.

---

[2]     The statute continues to outline the information to be given to the driver, the terms of which are not relevant to this appeal.

2011), and *In re Virgil*, 126 Idaho 946, 895 P.2d 182 (Ct. App. 1995). We find these cases neither controlling nor persuasive when applied to the facts here.

First, in contrast to Nunnally's arguments, although *Beem*, *Cunningham*, and *Virgil* require "strict compliance" with advisory requirements for drivers who *refuse* evidentiary testing, these cases do not hold that such compliance with advisory requirements is required for drivers who *consent to* evidentiary testing. Under the statutory scheme, the drivers in *Beem*, *Cunningham*, and *Virgil* refused evidentiary testing; thus, their advisory requirements were governed by I.C. § 18-8002. In contrast, because Nunnally consented to evidentiary testing, his advisory requirement was controlled by § 18-8002(A)(2). These statutes have similar, but not identical requirements.[3] While I.C. § 18-8002 requires strict compliance with advisory requirements for drivers who refuse evidentiary testing, *see Beem* 119 Idaho at 291, 805 P.2d at 497, *Cunningham*, 150 Idaho at 690, 249 P.3d at 883, *Virgil*, 126 Idaho at 947, 895 P.2d at 183, by its terms, I.C. § 18-8002(A)(2) only requires that drivers who participate in evidentiary testing be substantially informed of the advisory information. S*ee also Halen v. State*, 136 Idaho 829, 834, 41 P.3d 257, 262 (2002) (holding driver "need not be informed verbatim"; rather, he need only be "substantially" informed of the information contained in that section). Accordingly, because the courts in *Beem*, *Cunningham*, and *Virgil* applied I.C. § 18-8002, they analyzed whether the officer's advisories strictly complied with the requirements--not whether, under I.C. § 18-8002A(2), there was substantial compliance. Because I.C. § 18-8002(A)(2) requires substantial compliance, not strict compliance, neither the standard Nunnally applies nor the cases on which he relies control the analysis in this case.

Second, we do not find *Cunningham*, *Virgil*, and *Beem* persuasive as to whether Trooper Kesler substantially complied with the advisory requirements because the facts in those cases differ meaningfully from the facts in this case. In *Cunningham*, the officer repeatedly recited incorrect

---

[3]     Idaho Code § 18-8002 is titled "Tests of driver for alcohol concentration, presence of drugs or other intoxicating substances--Penalty and suspension upon refusal of tests" and sets forth, in part, the following requirements:

> (3) At the time evidentiary testing for concentration of alcohol or for the presence of drugs or other intoxicating substances is requested, the person shall be informed that if he refuses to submit to or if he fails to complete evidentiary testing:
>
> . . . .
>
> (c) He has the right to request a hearing within seven (7) days to show cause why he refused to submit to or complete evidentiary testing;

Obviously, this statute does not include the language in I.C. § 18-8002(A)(2) regarding substantial but not verbatim conveyance of the information.

information regarding the consequences of the driver refusing the evidentiary testing, even when the driver asked questions attempting to clarify his understanding. *Cunningham*, 150 Idaho at 693, 249 P.3d at 886. On appeal, this Court stated:

> Based on the specific facts of this case, we conclude that the information provided to Cunningham did not comport with that required by I.C. § 18-8002(3) and, therefore, rendered the written and recorded advisory given to Cunningham incomplete. As mentioned above, the officer incorrectly asserted that Cunningham would immediately lose his license should he refuse to submit to testing, that he could only obtain additional evidentiary testing after bonding out of jail, and that he must prove his innocence to the judge at the show cause hearing. The officer conveyed such incorrect information after notifying Cunningham that he "specialized" in DUI testing and that he instructed officers on how to properly administer field sobriety tests. In addition, before answering any of Cunningham's questions, the officer stated that he would explain what the Idaho Code required and what Idaho courts have said about the consequences of a refusal. The officer was adamant that the information he conveyed to Cunningham was the law, even if such information contradicted what was previously contained in the written and recorded advisory. The officer's continuous, repetitive recitation of incorrect information regarding the consequences for refusal rendered the initial advisory incomplete.

*Id.*

In both *Virgil* and *Beem*, the driver was never correctly advised prior to the evidentiary testing. In *Virgil*, the officer conveyed through both an incorrect advisory form and the officer's recitation of the form that the driver would be subject to a lesser burden of proof than the statute provided if he sought to challenge the suspension of his license at a subsequent administrative hearing. Both the advisory form and the officer's recitation of the form, advised Virgil: "You have a right to submit a written request within seven (7) days to the Magistrate Court of Twin Falls County for a hearing to explain why you refused to take the tests." *Virgil*, 126 Idaho at 948, 895 P.2d at 184. This Court compared "explain why" to "show cause" in order to determine whether they were essentially synonymous for purposes of analyzing strict compliance. We determined that "explain why" conveyed a lesser burden and so the advisory was not in strict compliance with the statute. *Id.* at 948, 895 P.2d at 184. Based on that reasoning, this Court concluded:

> Because the requirements of I.C. § 18-8002(3) are recited "in no uncertain terms," and drivers must be "completely" advised of their rights and duties under that provision, we hold that Virgil was not properly advised pursuant to I.C. § 18-8002(3).
>     . . . .

6

> [T]he advisory form used by the Twin Falls Police Department did not properly advise Virgil of his rights and duties under Idaho's implied consent statute, I.C. § 18-8002.

*Id.* (citations omitted).

Similarly, in *Beem*, the officer used an outdated form to advise Beem about the consequences of refusing to submit to evidentiary testing for alcohol concentration. *Beem*, 119 Idaho at 290, 805 P.2d at 496. Using the outdated form, the officer incorrectly advised Beem that upon refusal to take an alcohol concentration test, his driver's license would be suspended for 120 days, instead of the 180 days required under I.C. § 18-8002. *Beem*, 119 Idaho at 290, 805 P.2d at 496. On appeal, we held that because I.C. § 18-8002(3) set forth "in no uncertain terms" that a driver must be advised that refusal to submit to evidentiary chemical testing would result in a 180-day suspension of his driver's license, Beem had the right to be correctly advised of the true consequences of refusing to take the blood-alcohol test, i.e., that his license would be suspended for 180 days. *Beem*, 119 Idaho at 291-92, 805 P.2d at 497-98. Because that advice was not given, the State failed to comply with the statute governing suspension of licenses for failure to submit to a chemical test and Beem's license could not be suspended. *Id.* at 292, 805 P.2d at 498.

Here, in contrast to these cases, Trooper Kesler repeatedly provided Nunnally the correct information about the consequences of failing or refusing evidentiary testing. Trooper Kesler correctly read the advisory required by I.C. § 18-8002A aloud to Nunnally, while providing Nunnally a correct written version of the advisory. The hearing officer found that Nunnally followed along with the written copy as Trooper Kesler read it aloud, a factual finding that Nunnally does not challenge. After reading Nunnally the advisory, Trooper Kesler summarized what he just read:

| | |
|---|---|
| Trooper Kesler: | So this document is what is called the--the license suspension advisory. Okay, it's put out by the Idaho Transportation Department. It only applies to you if you refuse this test that I am about to offer you as it said in paragraph 1 it is a requirement by law okay. |
| Nunnally: | Okay. |
| Trooper Kesler: | Um, or if you refuse the test. So if you fail or if you refuse. And if you are under the illegal limit, which you might feel like you are over, but I've seen people that have felt like they are over and they blow under. I've seen people who think they are under and they blow over. |
| Nunnally: | Yeah. |
| Trooper Kesler: | So, that's the only way that this is going to apply to you alright? |

7

Thus, prior to conducting the evidentiary testing, Trooper Kesler read the correct advisory aloud to Nunnally, provided Nunnally a form to read with the correct information, and summarized the contents of the advisory at the end by telling Nunnally it applied "if you fail or if you refuse" the test. Therefore, Trooper Kesler correctly advised Nunnally three times that his driver's license could be suspended upon his refusal *or* failure of the evidentiary tests. Although at one point Trooper Kesler misstated that the advisory "only applies to you if you refuse this test that I am about to offer you," he immediately corrected himself and told Nunnally that it applied if he failed or refused the evidentiary testing. The totality of the circumstances makes clear that this brief misstatement does not render Nunnally's advisory incomplete.[4] Therefore, we conclude that the advisory given was in substantial compliance with the statutory language of I.C. § 18-8002A. Accordingly, the district court correctly affirmed the administrative hearing officer's order sustaining the suspension of Nunnally's driver's license for ninety days.

Although the cases are consolidated on appeal, Nunnally does not mention or make arguments specific to the disqualification of his commercial driver's license. Because a party waives an issue on appeal if either argument or authority is lacking, *Powell v. Sellers*, 130 Idaho 122, 128, 937 P.2d 434, 440 (Ct. App. 1997), Nunnally waived a challenge to the disqualification of his commercial driver's license. To the extent that Nunnally's challenge to his driver's license suspension is also a challenge to the disqualification of his commercial driver's license, we similarly find the district court did not err in affirming the administrative hearing officer's order. A challenge to a commercial driver's license disqualification is governed by I.C. § 49-335 and is independent of the law governing the administrative license suspension. *Peck v. State Dep't of Transp.*, 156 Idaho 112, 115, 320 P.3d 1271, 1274 (Ct. App. 2014). Pursuant to I.C. § 49-335, the hearing officer in a commercial driver's license disqualification need only determine: (1) whether the driver possessed a commercial driver's license; and (2) whether the driver failed a test to determine alcohol concentration. *Id.* Thus, as a matter of practice, the disqualification of an

---

[4]     This Court acknowledges that, practically speaking, the need for an advisory arises before the driver has chosen to either submit to or refuse evidentiary testing. Yet the statute that governs the requirements of the advisory is determined by the driver's subsequent choice regarding testing. While it could reasonably be argued that the requirements for the advisory should be identical regardless of the driver's later choice, it is within the province of the legislative branch to determine a statute's structure and language. Courts are not at liberty to rewrite statutes or disregard the applicable statutory language, and this Court must apply the language of I.C. § 18-8002A as written.

individual's commercial driver's license rises and falls with the determination made in the administrative license suspension proceeding. *Peck*, 156 Idaho at 116, 320 P.3d at 1275. Accordingly, because we uphold Nunnally's administrative license suspension, we also uphold the disqualification of his commercial driver's license.

**B.      The Administrate Hearing Decision Was Not Made Upon Unlawful Procedures**

Nunnally claims the decision rendered by the administrative hearing officer was made upon unlawful procedures. However, this claim is the same as Nunnally's claim that he was not substantially informed of his rights pursuant to I.C. § 18-8002A, rendering the advisory form invalid. Because we concluded that Trooper Kesler substantially advised Nunnally of his rights as required under the statute, Nunnally's unlawful procedure claim similarly fails.

**IV.**

**CONCLUSION**

Trooper Kesler substantially advised Nunnally of his rights as required under I.C. § 18-8002A. Accordingly, the district court's order sustaining the administrative hearing officer's suspension of Nunnally's driver's license for ninety days and commercial driver's license for life is affirmed.

Judge LORELLO and Judge BRAILSFORD **CONCUR**.