938 P.2d 1212

Glenn C. BOTHWELL and Glida Bothwell, husband and wife; Dave Croniola and Martha Croniola, husband and wife; Michael S. Decker and Peggy J. Decker, husband and wife; Gabe Holmquist and Peggy J. Holmquist, husband and wife; Amy J. Holmquist; Warren H. Keller; Betty C. Langley; Barry L. Pharoah and C. Wylene Pharoah, husband and wife; and Frank W. Stoppello and Vicki M. Stoppello, husband and wife, Petitioners–Appellants,

v.

The CITY OF EAGLE and Eagle City Council; and Jayo Construction, Inc., Respondents.

No. 23041.

Supreme Court of Idaho.
Boise, April 1997 Term.

May 28, 1997.

Jim Jones & Associates, Boise, for petitioners–appellants. John C. McCreedy argued.

Eberle, Berlin, Kading, Turnbow & McKlveen, Boise, for respondent Jayo Construction. Stephen A. Bradbury argued.

JOHNSON, Justice.

This is a land use planning case in which a city council granted approval of a preliminary subdivision plat. We conclude that this approval is lacking in finality and is therefore not subject to judicial review.

## I.

### THE BACKGROUND AND PRIOR PROCEEDINGS

Jayo Construction (Jayo) submitted to the city of Eagle applications for approval of a preliminary subdivision plat (the preliminary plat application) and for a floodplain development permit (the floodplain permit application). The Eagle city council (the council) approved the preliminary plat application, but did not approve or deny the floodplain permit application. The council included in its approval of the preliminary plat application conditions that Jayo must fulfill before approval of a final subdivision plat and floodplain permit and stated that there "will be a review before final plat approval in a public hearing format."

Some property owners in Eagle (collectively referred to as Bothwell) petitioned the district court for judicial review of the council's approval of the preliminary plat application. The district court affirmed the council's approval. Bothwell appealed.

## II.

### THE COUNCIL'S APPROVAL OF THE PRELIMINARY PLAT IS NOT A FINAL DECISION THAT IS SUBJECT TO JUDICIAL REVIEW.

Although we are confronted with several troubling issues in this appeal, especially whether the council's findings are adequate to support its decision, we conclude that the council's approval of the preliminary plat application is not a final decision that is subject to judicial review.

The local land use planning act (LLUPA), I.C. §§ 67–6501 through –6537, allows an "affected person aggrieved by a decision" to seek judicial review as provided in the administrative procedure act (APA), I.C. §§ 67–5201 through –5292. I.C. § 67–6521(1)(d). The LLUPA defines "affected person" as "one having an interest in real property which may be adversely affected by the issuance or denial of a permit authorizing the development." I.C. § 67–6521(1)(a).

According to the Eagle city code (the city code), a preliminary plat is "[t]he first formal presentation by drawings of a proposed subdivision." Eagle, Id., City Code 9–1–6. Preliminary plat approval enables the applicant to survey the property and prepare a final plat. Id. 9–2–4: A. Approval of a final plat requires an intricate procedure, including a written application, review by the city administrator, possible review by the planning and zoning commission, review by other agencies, and action by the council. Id. 9–2–4. The city council may take the following actions concerning the final plat: "approve, approve conditionally, disapprove or table the final plat for additional information." Id. 9–2–4:C(3). In granting or denying approval of a final plat the council must specify "[t]he reasons for approval or denial," and "[t]he actions, if any, that the applicant could take to obtain a permit." Id. 9–2–4:C(3)(b) and (c). The city code also provides that before a building permit may be issued for construction or development in a floodplain, the developer must have a "development permit." Id. 10–1–7A.

In *South Fork Coalition v. Board of Comm'rs*, 112 Idaho 89, 730 P.2d 1009 (1986), the Court ruled that preliminary approval of a planned unit development by a county commission does not constitute a final decision that is subject to judicial review pursuant to the APA. *Id.* at 90, 730 P.2d at 1010. In

**176**

*South Fork,* the Court pointed out that the preliminary approval allowed the county commission "to either approve or deny the final plan after they have reviewed it and after they have 'placed such other restrictions [on it] as it deems advisable....'" *Id.*

Similarly, in the present case, the council's approval of the preliminary plat application is not final approval for the development of the subdivision, which will require approval of the final plat application and the floodplain permit application. Therefore, judicial review is premature.

### III.

### CONCLUSION

We vacate the district court's decision and remand the case to the district court for dismissal.

Because of this result, we award no costs on appeal.

TROUT, C.J., and McDEVITT, SILAK and SCHROEDER, JJ., concur.