950 P.2d 1262

Janet CASTANEDA, an individual, Morgan Masner, an individual, and The City of Eagle, an Idaho municipal corporation, Petitioners–Appellants,

v.

BRIGHTON CORPORATION, an Idaho corporation, and The City of Boise City, an Idaho municipal corporation, Respondents.

No. 23017.

Supreme Court of Idaho,
Boise, September 1997 Term.

Jan. 9, 1998.

Moore & McFadden, Boise, for petitioners-appellants. Mona L.D. Mack argued.

Holland & Hart, Boise, for respondent Brighton Corp. Murray D. Feldman argued and Walter H. Bithell appeared.

Margery W. Smith, Assistant Boise City Attorney, argued for respondent Boise City.

WALTERS, Justice.

This is an appeal from an order of the district court affirming three decisions of Boise City approving subdivision, rezone, and annexation applications filed by the respondent Brighton Corporation (Brighton). The approvals were for an area approximately 188 acres in size located south of Chinden Boulevard and east of North Eagle Road. For the following reasons, we affirm.

## I.

### FACTUAL AND PROCEDURAL BACKGROUND

Brighton owned an approximate 188-acre parcel of land at the southeast corner of the intersection of Chinden Boulevard and North Eagle Road on which it wished to develop The Hobble Creek Subdivision, renamed Dallan's Hobble Creek. At the time of initiation of the challenged applications in this case, approximately 160 acres of the property were

located in the unincorporated area of Ada County and within the Boise City Area of Impact, while the other twenty-eight acres were located within the City of Boise (the City).

In furtherance of its plans, Brighton filed an application with the City on September 9, 1993, for annexation of the 160 acres; then on September 20, requested rezoning of the remaining twenty-eight acres; and a week later on September 28, filed the subdivision application. The Boise Planning and Zoning Commission reviewed the applications and recommended approval of the annexation and rezoning applications on October 18. On November 1, the Commission recommended approval of the preliminary plat of Hobble Creek Subdivision to the Boise City Council (the Council).

On November 23, 1993, the Council voted to approve the subdivision based on the preliminary plat, but conditioned the final approval of the subdivision upon subsequent annexation of the site by the City and that the area would be properly zoned. The Council scheduled a public hearing on the annexation and zoning applications for December 7. On that date, the mayor of the City of Eagle requested that the hearing be continued until he could participate. Pursuant to this request, the Council deferred the decision on the zoning and annexation applications until January 11, 1994. At the meeting the Council voted to approve both the annexation and zoning applications. Brighton filed its final plat application for Hobble Creek Subdivision with the City on March 30, 1994. The Council approved the final plat at its April 19, 1994, meeting. Thereafter, the Council enacted Ordinance No. 5536 to implement the rezone on April 26, and adopted Ordinance No. 5544 to implement the annexation and zoning on May 17. Following annexation, the city engineer certified the final plat on July 21, 1994.

In the meantime, the appellants (Castaneda) filed a complaint in the district court on May 24, 1994, for declaratory judgment, asking the district court to hold the Council's approval of the preliminary plat, the rezone, and the annexation null and void for various reasons. When Brighton responded with a motion to dismiss the complaint, the district court determined that the proceeding should be treated as a petition for judicial review. Ultimately, the district court affirmed the Council's November 23, 1993, and April 19, 1994, subdivision approvals, and the Council's action on January 11, 1994, approving the annexation and rezone applications. Castaneda then pursued this appeal.

## II.

### ISSUES

Castaneda asserts that (1) the district court erred in holding that the Council acted legally when it conditionally approved the preliminary and final subdivision plats for Brighton's property which was located outside of the incorporated area of the City; (2) the district court erred in determining that the City complied with all notice requirements of state and local law; (3) the district court erred in holding that Brighton's appearance before the City asking for subdivision approval did not constitute ex parte contact; (4) the district court erred in holding that the hearing records developed before the Council for Brighton's rezoning and zoning actions contained substantial evidence supporting each criteria for changing, or creating upon annexation, a new zoning designation; (5) the district court erred in determining that the findings of fact and conclusions of law provided by the City were adequate. We affirm the order of the district court upholding the City's actions for the following reasons.

## III.

### DISCUSSION

#### A. Standard of Review

■ This action initially was filed as a request for a declaratory judgment. However, by order of the district court, the action was permitted to proceed as a petition for judicial review under the Administrative Procedure Act (APA), in accordance with the provisions of the Local Land Use Planning Act relating to judicial review of an administrative decision of a local zoning board, I.C.

§ 67–6521. The standard of review for such a proceeding is well settled. In a subsequent appeal from the district court's decision where the district court was acting in its appellate capacity under the APA, the Supreme Court reviews the agency record independently of the district court's decision. *Ferguson v. Board of County Comm'rs for Ada County,* 110 Idaho 785, 718 P.2d 1223 (1986).

◼ In a judicial review proceeding under the APA, neither the district court nor this Court may substitute its judgment for that of the agency as to the weight of the evidence presented. I.C. § 67–5215(g). The court will defer to the agency's findings of fact unless those findings are clearly erroneous; the agency's factual determinations are binding on the reviewing court, even when there is conflicting evidence before the agency, so long as the determinations are supported by evidence in the record. *South Fork Coalition v. Board of Comm'rs of Bonneville County,* 117 Idaho 857, 860, 792 P.2d 882, 885 (1990). A city council's zoning decision may only be overturned where its findings: (a) violate statutory or constitutional provisions; (b) exceed the agency's statutory authority; (c) are made upon unlawful procedure; (d) are not supported by substantial evidence; or (e) are arbitrary, capricious, or an abuse of discretion. I.C. § 67–5279(3). The party attacking a zoning board's action under I.C. § 67–5279 must first illustrate that the zoning board erred in a manner specified in I.C. § 67–5279(3), and then that a substantial right of the party has been prejudiced. *Angstman v. City of Boise,* 128 Idaho 575, 578, 917 P.2d 409, 412 (Ct.App. 1996).

**B. Extraterritorial approval of the preliminary plat before annexation.**

◼ Castaneda asserts that because Brighton's preliminary plat was conditionally approved on November 23, 1993, and the final plat was approved on April 19, 1994, while the subject property was not annexed until May, 1994, the Council acted illegally by approving plats for property outside of the City and beyond its jurisdiction. Castaneda also contends that Article XII, § 2, of the Idaho Constitution prohibits a city from even considering a development request until the annexation of the parcel to be developed is complete.

◼ We disagree. Although annexation consideration is always "extraterritorial" with regard to the existing boundaries of the annexing body, here the City did not exercise jurisdiction over the subject property or undertake any enforcement action with respect to the development or use of the property until after its annexation. A city council's approval of a preliminary plat application is not a final decision that is subject to judicial review. *Bothwell v. City of Eagle,* 130 Idaho 174, 176, 938 P.2d 1212, 1214 (1997). The preliminary approval of the subdivision is merely the initial step in the process, and still requires final plat approval. *Id.* In *South Fork Coalition v. Board of Comm'rs,* 112 Idaho 89, 730 P.2d 1009 (1986), this Court noted that the approval of a preliminary plat is not a final decision, and that such preliminary approval is simply an "approval in principle" which is subject to the authority retained by the annexing agency to later approve or deny the final plat after it has been reviewed and subjected to other restrictions deemed advisable by the agency. *Id.* at 90, 730 P.2d at 1010.

Here, at the time of the final plat approval by the city engineer on July 21, 1994, the annexation and the zoning had already been approved. Although the preliminary plat for the subdivision was approved prior to annexation, the final approval did not occur until the city engineer certified the final plat after the annexation.

The decision concerning final plat approval is subject to Boise City Code § 9–20–05(D)(5)(a), which states: "[i]f the plat conforms to the requirements of the statute and ordinances applicable at the time of approval of the Preliminary Plat and all conditions made by the Council in approving the Preliminary Plat, the Council shall approve said plat." According to the preliminary plat approval in this case, the subdivision was initially approved subject to the condition that "[a]ll lands platted within this subdivision shall be officially annexed into the corporate limits of Boise City prior to signing of the

final plat by the Boise City Engineer." Thus, annexation of the planned subdivision was a condition which had to be met before the plat could become approved as a final one. Any question of extraterritorial exercise of jurisdiction by the City was resolved by the ultimate annexation, and such annexation occurred on May 17, 1994, prior to the city engineer certifying the final plat on July 21, 1994. Therefore, we hold that because the zoning and annexation occurred prior to the final plat approval, the City did not exercise extraterritorial jurisdiction over the subject property.

■ Castaneda further asserts that Article XII, § 2, of the Idaho Constitution precludes the City from considering the plat for the development until after the annexation of the parcel. Article XII, § 2, provides:

Any county or incorporated city or town may make and enforce, *within its limits,* all such local police, sanitary and other regulations as are not in conflict with its charter or with the general laws. (Emphasis added.)

The crux of Castaneda's argument is that because Article XII, § 2, only allows a city to act on land within its corporate limits, the approval of the preliminary plat prior to annexation constitutes exercising extraterritorial jurisdiction over real property outside the City's limits in this case. However, as has been previously noted, approval of the preliminary plat was only a preliminary step that was not subject to judicial review. It is more akin to a feasibility study. The annexation and zoning of the property were approved before the city engineer certified the final plat for the subdivision, therefore, the City did not exercise jurisdiction outside its corporate limits in violation of the constitutional restriction when the final plat for the subdivision was approved.

**C. Notice and due process concerns.**

■ Castaneda argues that the City violated minimum due process requirements when it approved the subdivision application through a method that was "quasi-judicial in nature" without providing essentially the same notice and opportunity to be heard that applies in land-use determinations such as with zoning and conditional use permits. Castaneda does not challenge the annexation or zoning decisions made by the City with respect to Brighton's property, but only raises the due process claim with regard to the subdivision plat approval. In determining whether an action is quasi-judicial in nature, this Court has looked to the specific notice and hearing requirements of the relevant statute.

When the statute requires notice and hearing as to the possible effect of a zoning law upon property rights the action of the legislative body becomes quasi judicial in character, and the statutory notice and hearing then becomes necessary in order to satisfy the requirements of due process and may not be dispensed with.

*Jerome County v. Holloway,* 118 Idaho 681, 684, 799 P.2d 969, 972 (1990).

Here, Castaneda recognizes that neither the Local Planning Act nor the Idaho subdivision statutes specifies requirements for notice and hearing on subdivision application approval. *See* I.C. § 67–6513, §§ 50–1301 to 50–1334. Nevertheless, it appears that the City gave notice of the public meeting in advance of considering the preliminary approval of the subdivision plat by posting a notice at the city hall twenty-four hours prior to the meeting. In addition, on November 14, 1993, the City published notice in the newspaper concerning the public hearing on the annexation and rezone applications. The City also mailed notices to property owners within 300 feet of the affected property. In fact, two parties-appellant in this case, the Mayor of Eagle and Morgan Masner, were present at the January 11, 1994, public hearing in which the Council approved the annexation and rezone.

■ The due process requirement of an opportunity to be heard is fulfilled if the opportunity occurs "at a meaningful time and in a meaningful manner." *Sweitzer v. Dean,* 118 Idaho 568, 573, 798 P.2d 27, 32 (1990). We conclude that sufficient notice was given and that the appellants were provided an opportunity to be heard at the most meaningful time, which was the public hearing on the annexation and rezone applications. Ac-

cordingly, we hold that the approval of the subdivision plat by the City in this case was not impaired by any due process deficiency.

### D. Ex parte contact.

██ Castaneda next argues that Brighton's actions in appearing before the City to ask for the subdivision approval constituted ex parte contact which caused the subsequent approvals to be invalid. We disagree and conclude that this is not a situation where ex parte contact would invalidate a subdivision approval.

Idaho Code § 67–6506, a provision of the Local Land Use Planning Act, contains a conflict of interest prohibition that precludes a member of a governing board or commission from participating in any proceeding or action when the member, employee, business partner or close family member has an economic interest in the decision. Here, there is no allegation of an economic interest by any of the Council. The only bias suggested by Castaneda is that approving the preliminary plat prior to annexation and rezoning allowed the City to prejudge the issue.

In the present case, there is no means for Brighton to apply for preliminary plat approval other than to appear before the City and ask for such approval. Notice of the hearing was posted on the city hall door twenty-four hours prior to the hearing and, as we have previously stated, the hearing was open to the public and press. Consequently, Brighton's appearance without Castaneda present does not constitute an ex parte contact with the City that would cause such subsequent approvals of the rezone and annexation to be invalid. Thus, we find no merit in Castaneda's argument.

### E. Supported by substantial evidence.

██ Castaneda contends that there was a lack of substantial evidence to establish that the new zoning designations would maintain and preserve the capability of existing utilities and the compatibility of surrounding areas. Castaneda asserts that the

criteria as set forth in Boise City Code § 11–6–1.3 must be satisfied before a zoning upon annexation or rezone can occur. The criteria recited in Boise City Code § 11–6–1.3 for approving zoning are: (1) the zoning must comply with and conform to the Comprehensive General Plan; (2) the zoning must provide and maintain existing and future capabilities of the public utilities; and (3) the zoning must maintain and preserve the compatibility of surrounding zoning and development. We hold that Boise City's zoning actions were compatible with surrounding and existing land use, and were supported by substantial evidence.[1]

The City's approval of the new zoning designations was based upon the following evidence. Testimony before the Boise City Council addressed the attractiveness, compatibility and desirability of the proposed development. It showed that the area was in a transitional stage from agricultural use to residential and urbanization. The Council was apprised of the impact this development would have on the surrounding land uses (such as a research center located to the east).

The City also considered the capabilities of existing and future public utilities. After comments from the Meridian School District, Boise Water Corporation, the Boise Fire Department and Settlers Irrigation District, the Staff Report recommended to the City that water, sewer, and fire protection needs were readily available in this area. In addition, the City considered the potential traffic impact on both Chinden Boulevard and Eagle Road. Councilwoman Baker pointed out that both Chinden Boulevard and Eagle Road were planned for major highway thoroughfare improvement, which included the expansion from two to four lanes. A traffic impact study prepared by Brighton's consultant, Dobie Engineering, Inc., showed that with the completion of the planned improvements the intersection of Chinden Boulevard and North Eagle Road would achieve acceptable service standards through the year 2014. This re-

1. Because our review of the zoning board's decision is limited to the record developed below, *Dovel v. Dobson*, 122 Idaho 59, 61, 831 P.2d 527, 529 (1992), we decline to take into account the present condition or status of the Hobble Creek Subdivision demonstrated by materials provided by Brighton's affidavits and briefs prepared for that purpose.

port was subsequently approved by the Idaho Department of Transportation and integrated into the Subdivision Staff Report.

This proposed development included single and multi-family residential units, a school site, a park, and commercial property which the City considered to be beneficial to traffic concerns. The City considered the possibility of the proposed development eliminating traffic by providing a residential single and multi-family subdivision near an industrial park. Councilman Mapp stated that one of the bonuses of having the Hobble Creek subdivision next to an industrial park is that people can live close to where they may work, which could reduce traffic. The City also considered the advantage to the residential area for shopping available nearby through the development of commercial property, which would reduce traffic to other locations for shopping purposes.

The City determined that the proposed development and new zoning designations were compatible with surrounding and existing land uses, and approved Brighton's applications for annexation, rezoning and subdivision plat acceptance. We conclude that the City's approvals were supported by substantial evidence and hold that there is no reason to disturb the City's decision on the basis of the evidence presented.

**F. Findings of fact.**

Castaneda next contends that the City's findings of fact were inadequate to satisfy I.C. § 67–6535(b). This statute provides:

> The approval or denial of any application provided for in this chapter shall be in writing and accompanied by a statement in the form of findings of fact and conclusions of law that explain the criteria and standards considered relevant, state the facts relied upon, and explain the justification for the decision based on the criteria, standards and facts set forth.

█ We conclude that the City's findings do not fail to address criteria for approval. Ordinance No. 5536, which implemented the rezone, provided adequate findings of fact for reclassifying the existing zoning. In addition, Ordinance No. 5544, which implemented

the annexation and zoning, adopted the findings of fact and recommendations of the Boise City Planning & Zoning Commission. We hold that such findings of fact satisfy the requirements of I.C. § 67–6535(b).

## IV.

## CONCLUSION

We hold that even if the preliminary plat was approved prior to annexation, such conditional preliminary approval is not a final decision and does not amount to extraterritorial jurisdiction beyond the City limits. In addition, the preliminary plat approval did not violate due process. We uphold the district court's decision that Brighton's appearance before the City to ask for preliminary plat approval did not constitute ex parte contact that would cause subsequent zoning and annexation approvals to be invalid. We further hold that the City's approvals were supported by substantial evidence, and that adequate findings of fact and conclusions of law were provided.

Accordingly, the district court's order upholding the City's decisions with regard to zoning, annexation and subdivision plat approval for Hobble Creek subdivision is affirmed. Costs to respondents; no attorney fees on appeal are awarded. *Minich v. Gem State Developers, Inc.*, 99 Idaho 911, 591 P.2d 1078 (1979).

TROUT, C.J., and JOHNSON, J., and R.B. WOOD, J., pro tem., concur.

SILAK, J., concurs in the result.