**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 40441**

| | | |
|---|---|---|
| **JOEY JAY ATWOOD,** | ) | **2014 Opinion No. 5** |
| | ) | |
| Petitioner-Appellant, | ) | **Filed: January 24, 2014** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **STATE OF IDAHO, TRANSPORTATION** | ) | |
| **DEPARTMENT,** | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bonneville County. Hon. Joel E. Tingey, District Judge.

Decision of the district court, acting in its appellate capacity, affirming the administrative suspension of driver's license, <u>affirmed</u>.

Advantage Legal Services; Stephen A. Meikle, Idaho Falls, for appellant. Stephen A. Meikle argued.

Alan R. Harrison Law, PLLC; Alan R. Harrison, Idaho Falls for respondent. Alan R. Harrison argued.

_____

GRATTON, Judge

Joey Jay Atwood appeals from the district court's decision, upon judicial review, affirming the Idaho Transportation Department's order suspending Atwood's driver's license. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Officer Lenda and Corporal Cox investigated a single-vehicle accident involving Atwood. Upon arrival, Officer Lenda smelled the odor of an alcoholic beverage on Atwood's breath and noticed that his eyes were glassy and bloodshot. Atwood informed the officer that he had one alcoholic beverage the prior night. Officer Lenda checked Atwood's eyes for nystagmus and then delegated Atwood's breath test evaluation to Corporal Cox. Corporal Cox administered the breath test procedure while Officer Lenda continued the investigation of the accident.

1

Atwood's breath samples showed a result of .084 and .082. Officer Lenda placed Atwood under arrest for DUI and transported him to the Bonneville County jail.

Atwood was served with a notice of administrative license suspension, pursuant to Idaho Code § 18-8002A, due to his failure of the breath test. Atwood requested a hearing before a hearing officer from the Idaho Transportation Department (ITD) to contest the license suspension. Pursuant to I.C. § 18-8002A(5)(b), Officer Lenda sent his sworn statement regarding Atwood's arrest to ITD. At the hearing, Atwood argued that the sworn statement was deficient because it was not completed by the officer who performed the evidentiary test. The hearing officer determined that the sworn statement established that the evidentiary test was performed in compliance with the statute and sustained the suspension of Atwood's driver's license.[1] Atwood appealed to the district court and the district court affirmed the hearing officer's decision. Atwood timely appeals.

## II.

## ANALYSIS

Atwood contends that Officer Lenda's sworn statement failed to meet the statutory requirements and therefore ITD had no statutory authority to suspend his license and the hearing officer had no authority to sustain the suspension. Specifically, Atwood contends that the sworn statement did not comply with I.C. § 18-8002A because Officer Lenda did not have personal knowledge that the breath test was conducted in accordance with authorized procedure, as Corporal Cox was the person who conducted the test. ITD claims that the sworn statement satisfied the statutory requirements for suspension because Officer Lenda is allowed to rely on information from Corporal Cox regarding the evidentiary test.

The Idaho Administrative Procedures Act (IDAPA) governs the review of ITD decisions to deny, cancel, suspend, disqualify, revoke, or restrict a person's driver's license. *See* I.C. §§ 49-201, 49-330, 67-5201(2), 67-5270. In an appeal from the decision of the district court acting in its appellate capacity under IDAPA, this Court reviews the agency record independently of the district court's decision. *Marshall v. Idaho Dep't of Transp.*, 137 Idaho 337, 340, 48 P.3d 666, 669 (Ct. App. 2002). This Court does not substitute its judgment for that

---

[1] Atwood's driver's license was suspended for one year and his commercial driver's license was suspended for life. His commercial driver's license suspension is not the subject of this appeal.

of the agency as to the weight of the evidence presented.  I.C. § 67-5279(1); *Marshall*, 137 Idaho at 340, 48 P.3d at 669.  This Court instead defers to the agency's findings of fact unless they are clearly erroneous.  *Castaneda v. Brighton Corp.*, 130 Idaho 923, 926, 950 P.2d 1262, 1265 (1998); *Marshall*, 137 Idaho at 340, 48 P.3d at 669.  In other words, the agency's factual determinations are binding on the reviewing court, even where there is conflicting evidence before the agency, so long as the determinations are supported by substantial and competent evidence in the record.  *Urrutia v. Blaine County, ex rel. Bd. of Comm'rs*, 134 Idaho 353, 357, 2 P.3d 738, 742 (2000); *Marshall*, 137 Idaho at 340, 48 P.3d at 669.

The Court may overturn an agency's decision where its findings, inferences, conclusions, or decisions:  (a) violate statutory or constitutional provisions; (b) exceed the agency's statutory authority; (c) are made upon unlawful procedure; (d) are not supported by substantial evidence in the record; or (e) are arbitrary, capricious, or an abuse of discretion.  I.C. § 67-5279(3).  The party challenging the agency decision must demonstrate that the agency erred in a manner specified in I.C. § 67-5279(3) and that a substantial right of that party has been prejudiced.  *Price v. Payette County Bd. of County Comm'rs*, 131 Idaho 426, 429, 958 P.2d 583, 586 (1998); *Marshall*, 137 Idaho at 340, 48 P.3d at 669.  If the agency's decision is not affirmed on appeal, "it shall be set aside . . . and remanded for further proceedings as necessary."  I.C. § 67-5279(3).

The administrative license suspension statute, I.C. § 18-8002A, requires that ITD suspend the driver's license of a driver who has failed a BAC test administered by a law enforcement officer.  The period of suspension is ninety days for a driver's first failure of an evidentiary test and one year for any subsequent test failure within five years.  I.C. § 18-8002A(4)(a).  A person who has been notified of an ALS may request a hearing before a hearing officer, designated by ITD, to contest the suspension.  I.C. § 18-8002A(7); *Kane v. State, Dep't of Transp.*, 139 Idaho 586, 588, 83 P.3d 130, 132 (Ct. App. 2003).  The hearing officer must uphold the suspension unless he or she finds, by a preponderance of the evidence, that the driver has shown one of several grounds enumerated in I.C. § 18-8002A(7) for vacating the suspension.  Those grounds are:

> (a) The peace officer did not have legal cause to stop the person; or
> (b) The officer did not have legal cause to believe the person had been driving or was in actual physical control of a vehicle while under the influence of alcohol, drugs or other intoxicating substances in violation of the provisions of section 18-8004, 18-8004C or 18-8006, Idaho Code; or

(c) The test results did not show an alcohol concentration or the presence of drugs or other intoxicating substances in violation of section 18-8004, 18-8004C or 18-8006, Idaho Code; or

(d) The tests for alcohol concentration, drugs or other intoxicating substances administered at the direction of the peace officer were not conducted in accordance with the requirements of section 18-8004(4), Idaho Code, or the testing equipment was not functioning properly when the test was administered; or

(e) The person was not informed of the consequences of submitting to evidentiary testing as required in subsection (2) of this section.

I.C. § 18-8002A(7). The hearing officer's decision is subject to challenge through a petition for judicial review. I.C. § 18-8002A(8); *Kane*, 139 Idaho at 589, 83 P.3d at 133. The burden of proof at an ALS hearing is on the individual requesting the hearing, and that burden is not satisfied merely by showing that the documents received by ITD are inadequate. *Kane*, 139 Idaho at 590, 83 P.3d at 134.

In the instant case, the sworn statement of Officer Lenda provided, in relevant part:

I evaluated Atwood for Horizontal Gaze Nystagmus, scoring him three points. Cpl . . . Cox of the Idaho State Police took over the DUI evaluation while I completed the crash investigation. Cpl Cox noted that Atwood met the decision points for a commercial driver. Cpl Cox read Atwood the ALS Advisory form, instructed him not to eat, drink or belch for 15 minutes, and began the observation period. At the conclusion of the observation period, Atwood provided two evidentiary breath samples using a Lifeloc portable breath testing instrument, the results of which were .084/.082.

The hearing officer found that Officer Lenda's sworn statement could rely on the statements of Corporal Cox and determined that the statement sufficiently complied with the statute. Upon judicial review, the district court also concluded that Officer Lenda could incorporate what he learned from Corporal Cox into his sworn statement.

On appeal, Atwood claims the plain language of I.C. § 18-8002A(4) and (5)(b) requires the officer performing the evidentiary test to submit the sworn statement to ITD. We disagree. The language of the statute is to be given its plain, obvious, and rational meaning. *State v. Burnight*, 132 Idaho 654, 659, 978 P.2d 214, 219 (1999); *State v. Escobar*, 134 Idaho 387, 389, 3 P.3d 65, 67 (Ct. App. 2000). Idaho Code § 18-8002A(4), which provides the procedure to suspend a license, states:

Upon receipt of the sworn statement of *a peace officer* that there existed legal cause to believe a person had been driving or was in actual physical control

4

of a motor vehicle while under the influence of alcohol, drugs or other intoxicating substances and that the person submitted to a test and the test results indicated an alcohol concentration or the presence of drugs or other intoxicating substances in violation of section 18-8004, 18-8004C or 18-8006, Idaho Code, the department shall suspend the person's driver's license, driver's permit, driving privileges or nonresident driving privileges . . . .

(Emphasis added.) The statute does not require the officer performing the evidentiary test to submit the sworn statement nor does the statute limit the officer to swearing only to events that the officer had direct personal knowledge of. Rather, the statute only requires that *a peace officer* submit a sworn statement, indicating the legal cause and the evidentiary test results. Officer Lenda's sworn statement revealed that Corporal Cox instructed Atwood to not eat, drink, or belch for fifteen minutes; that Corporal Cox observed Atwood during the fifteen-minute observation period; and that at the conclusion, Corporal Cox administered two evidentiary breath samples that read .084/.082. This information was sufficient to provide ITD with statutory authority and satisfied the statutory requirements to trigger Atwood's suspension.

Idaho Code § 18-8002A(5)(b), which outlines the requirements for providing service of suspension, states in relevant part:

[T]he peace officer shall forward to the department . . . a certified copy or duplicate original of the results of all tests for alcohol concentration, as shown by analysis of breath *administered at the direction of the peace officer*, and *a sworn statement of the officer*, which may incorporate any arrest or incident reports relevant to the arrest and evidentiary testing setting forth:
. . . .
(vi) That the person was tested for alcohol concentration, drugs or other intoxicating substances as provided in this chapter, and that the results of the test indicated an alcohol concentration or the presence of drugs or other intoxicating substances in violation of the provisions of section 18-8004, 18-8004C or 18-8006, Idaho Code.

(Emphasis added.) This statute requires the peace officer to send ITD a sworn statement of "the officer," but contains no language indicating that the officer need be the officer who performed the evidentiary test. Even the preceding clause provides that the officer send ITD the results of the evidentiary testing administered *at the direction* of the peace officer, not administered *by* the peace officer. Officer Lenda directed Corporal Cox to administer the test. Therefore, we determine that the statute does not require the sworn statement be provided by the officer performing the evidentiary test. Thus, Officer Lenda's sworn statement, incorporating Corporal

Cox's observations, was sufficient to provide ITD with statutory authority and to satisfy the service of suspension requirements.[2]

Further, even if the plain language of the statute is not dispositive of the issue, this Court has already held that a sworn statement can contain observations from a different officer. In *Wheeler v. Idaho Transp. Dep't*, 148 Idaho 378, 223 P.3d 761 (Ct. App. 2009), the arresting officer submitted a sworn statement and used observations from the officer who initiated the traffic stop to indicate legal cause. Wheeler argued that the sworn statement was improperly considered by the hearing officer because the statement contained inadmissible hearsay from a different officer. This Court stated:

> Idaho Code Section 18-8002A(7) provides that a hearing officer may consider the sworn statement of the arresting officer which "shall be admissible at the hearing without further evidentiary foundation." Additionally, IDAPA gives presiding officers at administrative hearings the discretion to exclude certain types of evidence and provides that "all other evidence may be admitted if it is of a type commonly relied upon by prudent persons in the conduct of their affairs." I.C. § 67-5251(1). A hearing officer is not bound by the Idaho Rules of Evidence. IDAPA 04.11.01.600. Accordingly, the hearing officer was not prohibited from considering hearsay evidence in its consideration of legal cause to stop Wheeler's vehicle. Furthermore, an officer may rely on information supplied by other officers, and "the collective knowledge of police officers involved in the investigation--including dispatch personnel--may support a finding of probable cause." *State v. Carr,* 123 Idaho 127, 130, 844 P.2d 1377, 1380 (Ct. App. 1992). Therefore, the hearing officer did not err by considering the arresting officer's sworn statement relating the visual observations justifying the stop of Wheeler's vehicle on the suspicion of DUI made by the officer who pulled him over.

*Wheeler*, 148 Idaho at 383, 223 P.3d at 766. Following the reasoning of *Wheeler*, we conclude that it was proper for Officer Lenda to rely on Corporal Cox's observations in his sworn

---

[2]    Atwood also claims that the rules under IDAPA require the officer administering the evidentiary test to submit the sworn statement. Pursuant to IDAPA 39.02.72.200(b), a law enforcement agency is to forward to ITD a "sworn statement of the officer incorporating any arrest or incident reports relevant to the arrest and evidentiary testing." This also does not specify that the officer administering the evidentiary test is required to submit the sworn statement.

statement. Thus, the sworn statement was sufficient to provide ITD with statutory authority and to satisfy the statutory requirements for suspension of Atwood's driver's license.[3]

Moreover, Atwood's argument that ITD lacked statutory authority to suspend his license is not one of the grounds in which a hearing officer may vacate the suspension. In *Kane*, this Court stated:

> First, Kane's complaints that [the officer's] affidavit and other documents forwarded to the ITD did not comply with the statutory and regulatory requirements presupposes that such a failure is a ground upon which a license suspension may be challenged in an administrative hearing under I.C. § 18-8002A(7). This supposition disregards the plain language of that statute, which enumerates five grounds upon which a hearing officer may vacate a license suspension, none of which concern the adequacy of documentation sent to the ITD by the initiating law enforcement officer. Section 18-8002A(7) specifies that the hearing officer "shall not vacate the suspension unless he finds" one of the five enumerated bases to set aside a suspension. Therefore, a hearing officer is not authorized to vacate a suspension based upon technical flaws in documents delivered to the ITD.

*Kane*, 139 Idaho at 590, 83 P.3d at 134.[4] Thus, Atwood's contention that the sworn statement was deficient to provide ITD with statutory authority to suspend his license is not a valid ground to challenge his suspension. Instead, Atwood has the burden to show that in fact the evidentiary test was deficient. Atwood makes no such argument.

---

[3] Atwood argues that *Wheeler* is distinguishable because in *Wheeler*, this Court did not consider whether an officer could rely on another officer's observation to establish the validity of the evidentiary test, but only considered whether another officer's observations could be relied on to establish legal cause. This is a distinction without a difference.

[4] Atwood claims that *Kane* is distinguishable because in *Kane*, the issue before this Court was not whether ITD had statutory authority to suspend a license, but whether certain documents sent to ITD pursuant to Idaho Code § 18-8002A(5) met the statutory requirements. However, Atwood is only able to argue that ITD did not have statutory authority to suspend the license by incorrectly claiming that the sworn statement did not meet statutory requirements.

## III.

## CONCLUSION

Atwood has failed to demonstrate reversible error. Accordingly, the district court's decision on judicial review affirming the administrative suspension of Atwood's driver's license is affirmed. As Atwood is not the prevailing party, his request for attorney fees and costs pursuant to Idaho Appellate Rule 41 is denied.

Chief Judge GUTIERREZ and Judge MELANSON **CONCUR.**