IN THE COURT OF APPEALS OF THE STATE OF IDAHO

Docket No. 40808

| | | |
|---|---|---|
| RAYMOND SCOTT PECK, | ) | 2014 Opinion No. 15 |
| | ) | |
| Petitioner-Appellant, | ) | Filed: February 21, 2014 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, DEPARTMENT OF | ) | |
| TRANSPORTATION, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Bonner County. Hon. Jeff M. Brudie, District Judge.

Order of the district court affirming the disqualification of commercial driver's license, affirmed.

Finney Finney & Finney, P.A.; John A. Finney, Sandpoint, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Susan K. Servick, Special Deputy Attorney General, Coeur d'Alene, for respondent.

_____

GRATTON, Judge

Raymond Scott Peck appeals from the district court's decision, upon judicial review, affirming the Idaho Transportation Department's order suspending Peck's commercial driver's license (CDL). We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

The facts leading to the suspension of Peck's CDL are summarized in the appeal from his administrative license suspension (ALS), *Peck v. State, Dep't of Transp.*, 153 Idaho 37, 278 P.3d 439 (Ct. App. 2012):

> A police officer stopped Peck on December 2, 2009, for speeding in an area within the city limits of Sandpoint, Idaho. The officer detected an odor of alcohol and other signs of alcohol use upon contact with Peck. Peck refused to participate in field sobriety tests, and thereafter, the officer arrested Peck on suspicion of driving under the influence (DUI). At the police station, after a

1

fifteen-minute observation period, the officer administered a breathalyzer test to determine Peck's blood alcohol concentration (BAC test), which produced results of .089/xxx. Because of the invalid BAC test result on the second breath sample, Peck gave a second set of samples after another fifteen-minute observation period, producing results of .083/.086. Based on the second BAC test results showing a violation of Idaho Code § 18-8004, the officer issued Peck a notice of suspension of his driver's license and a temporary non-commercial driving permit. Peck was not operating a commercial vehicle at the time of the traffic stop, but held only a commercial driver's license (CDL). The CDL was seized pursuant to statute and as stated in the notice of suspension advisory form.

*Id.* at 40-41, 278 P.3d at 442-43.

Peck was served with a notice of CDL disqualification, pursuant to Idaho Code § 49-335, due to his failure of the breath test. The notice informed Peck that his commercial driving privileges were being withdrawn for a period of one year. Peck requested a hearing before a hearing officer from the Idaho Transportation Department (ITD) to contest the disqualification. The hearing was stayed pending the outcome of the ALS challenge brought by Peck. At the ALS hearing, the hearing officer upheld the suspension of Peck's driver's license and the district court affirmed the hearing officer's decision. Peck appealed to this Court and this Court affirmed the district court's decision upholding the suspension of Peck's driver's license. *Peck*, 153 Idaho at 49, 278 P.3d at 451.

Thereafter, a telephonic hearing was conducted with an ITD hearing officer in regard to Peck's challenge of his CDL disqualification. The hearing officer upheld Peck's CDL disqualification and the district court affirmed the hearing officer's decision. Peck timely appeals.

## II.

## ANALYSIS

Peck claims that the administrative disqualification of his CDL, pursuant to I.C. § 49-335, violates his procedural and substantive due process rights. The Idaho Administrative Procedures Act (IDAPA) governs the review of ITD decisions to deny, cancel, suspend, disqualify, revoke, or restrict a person's driver's license. *See* I.C. §§ 49-201, 49-330, 67-5201(2), 67-5270. In an appeal from the decision of the district court acting in its appellate capacity under IDAPA, this Court reviews the agency record independently of the district court's decision. *Marshall v. Idaho Dep't of Transp.*, 137 Idaho 337, 340, 48 P.3d 666, 669 (Ct. App. 2002). This Court does not substitute its judgment for that of the agency as to the weight of the

2

evidence presented. I.C. § 67-5279(1); *Marshall*, 137 Idaho at 340, 48 P.3d at 669. This Court instead defers to the agency's findings of fact unless they are clearly erroneous. *Castaneda v. Brighton Corp.*, 130 Idaho 923, 926, 950 P.2d 1262, 1265 (1998); *Marshall*, 137 Idaho at 340, 48 P.3d at 669. In other words, the agency's factual determinations are binding on the reviewing court, even where there is conflicting evidence before the agency, so long as the determinations are supported by substantial and competent evidence in the record. *Urrutia v. Blaine County, ex rel. Bd. of Comm'rs*, 134 Idaho 353, 357, 2 P.3d 738, 742 (2000); *Marshall*, 137 Idaho at 340, 48 P.3d at 669.

The Court may overturn an agency's decision where its findings, inferences, conclusions, or decisions: (a) violate statutory or constitutional provisions; (b) exceed the agency's statutory authority; (c) are made upon unlawful procedure; (d) are not supported by substantial evidence in the record; or (e) are arbitrary, capricious, or an abuse of discretion. I.C. § 67-5279(3). The party challenging the agency decision must demonstrate that the agency erred in a manner specified in I.C. § 67-5279(3) and that a substantial right of that party has been prejudiced. *Price v. Payette County Bd. of County Comm'rs*, 131 Idaho 426, 429, 958 P.2d 583, 586 (1998); *Marshall*, 137 Idaho at 340, 48 P.3d at 669. If the agency's decision is not affirmed on appeal, "it shall be set aside . . . and remanded for further proceedings as necessary." I.C. § 67-5279(3).

Penalties governing all aspects of a driver's driving privileges, in the event the motorist submits to and fails evidentiary testing, are delineated in I.C. § 18-8002A. *Platz v. State*, 154 Idaho 960, 970, 303 P.3d 647, 657 (Ct. App. 2013). The motor vehicle code sets forth additional consequences that result when a driver fails an evidentiary test. "These additional consequences solely relate to the ability to operate commercial vehicles." *Id.* Pursuant to I.C. § 49-335(2):

> Any person who operates a commercial motor vehicle or who holds a class A, B or C driver's license is disqualified from operating a commercial motor vehicle for a period of not less than one (1) year if the person refuses to submit to or submits to and fails a test to determine the driver's alcohol, drug or other intoxicating substances concentration while operating a motor vehicle.

A driver may request an administrative hearing to challenge a CDL disqualification. I.C. § 49-326(4). A challenge to a CDL disqualification is completely independent of the provisions found in Title 18. *Platz*, 154 Idaho at 970, 303 P.3d at 657. The driver is provided the right of judicial review from an adverse decision by the hearing officer. I.C. § 49-330; *Platz*, 154 Idaho at 970, 303 P.3d at 657.

3

## A.  Procedural Due Process

Peck claims that his procedural due process rights were violated because he was not given notice of the disqualification provisions of I.C. § 49-335; therefore, he asserts his evidentiary testing was performed without implied consent, violating his constitutional right to be free from unreasonable search and seizure.  In a due process analysis, courts must consider three factors in procedural due process challenges:

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

The hearing officer, in its findings of fact and conclusions of law, found that there were no additional notice requirements to the statutory notices set forth in I.C. § 18-8002A as a result of the additional consequences for commercial drivers found in I.C. § 49-335.  The district court affirmed the hearing officer's decision, finding that due process does not require a police officer to inform a driver that there may be separate CDL consequences for failing an evidentiary test.

On appeal, Peck claims that he did not give implied consent to provide a BAC sample to police officers because he did not receive proper notice of the consequences of a failed test on his CDL.[1]  This Court addressed this issue in the context of the ALS appeal, holding that in regard to an ALS suspension, due process did not require an officer to inform a driver of the consequences that a failed BAC test would have on a CDL proceeding.  *Peck*, 153 Idaho at 43, 278 P.3d at 445.  However, this Court also stated that because Peck had not challenged his CDL disqualification yet, the CDL disqualification was not subject to judicial review.  *Id.*  Peck now raises the procedural due process issue as it relates to his CDL disqualification.

In *Platz*, this Court discussed the applicability of the ALS determination to the CDL disqualification.  This Court stated that under a strict reading of I.C. § 49-335(2), the hearing officer in a CDL disqualification need only determine:  (1) whether the driver possessed a CDL; and (2) whether the driver failed a test to determine alcohol concentration.  *Platz*, 154 Idaho at

---

[1]     Thus, Peck also contends that without consent, the administration of his BAC was a warrantless search and seizure.

971, 303 P.3d at 658. It is undisputed that Peck possessed a CDL. Additionally, the ALS proceedings demonstrated that Peck failed a test to determine alcohol concentration. That finding was challenged by Peck and affirmed by the district court, in its appellate capacity, and by this Court. *Peck*, 153 Idaho at 43, 278 P.3d at 445. "As a matter of practice, the CDL disqualification rises and falls with the determination made in the ALS." *Platz*, 154 Idaho at 973, 303 P.3d at 660. Peck does not have a statutory or due process right to challenge the validity of the evidentiary testing in both his ALS and CDL proceedings. *Id*. at 972, 303 P.3d at 659. Accordingly, any challenges to the evidentiary testing are precluded from being litigated in the CDL disqualification, as Peck already had the opportunity and, in fact, did challenge the evidentiary testing in his ALS proceeding. Thus, Peck's procedural due process challenge regarding whether he received proper notice lacks merit.

Even if we addressed Peck's procedural due process challenge, his challenge would fail. "A holder of a CDL is presumed to have knowledge of the laws governing CDLs." *Williams v. State*, 153 Idaho 380, 390, 283 P.3d 127, 137 (Ct. App. 2012) (citing *Wilson v. State*, 133 Idaho 874, 880, 993 P.2d 1205, 1211 (Ct. App. 2000)). Peck was provided the required statutory notifications pursuant to I.C. § 18-8002A. As discussed above, the CDL disqualification is in addition to any suspensions received pursuant to I.C. § 18-8002A. There is no legal requirement that a police officer must provide notice of consequences to a CDL pursuant to a failed evidentiary test. *Williams*, 153 Idaho at 390, 283 P.3d at 137. Therefore, as a holder of a CDL, Peck was presumed to know the consequences to his CDL if he was convicted of any offense listed in I.C. § 49-335(1), or if he failed or refused an evidentiary test pursuant to I.C. § 49-335(2). Accordingly, the failure to inform Peck of the consequence to his CDL, if he failed or refused to perform an evidentiary test, is not violative of procedural due process.[2]

---

[2] The State points to a decision by the Wyoming Supreme Court, wherein the Court held that a driver was not entitled to warnings regarding the suspension of his CDL when he was arrested for driving a non-commercial vehicle while intoxicated. *See Escarcega v. State ex rel. Wyo. Dep't of Transp.*, 153 P.3d 264, 268-71 (Wyo. 2007). Additionally, the State points out that pursuant to federal law, the State is required to disqualify a driver from operating a commercial motor vehicle for a period of one year if that driver is convicted of DUI. *See* 49 C.F.R. § 383.51 (2013). If the State failed to comply with the federal mandate, it would risk losing federal highway funds.

**B.      Substantive Due Process**

Peck contends that the disqualification of his CDL violates his substantive due process rights because the disqualification bears no rational relationship to a legislative purpose that was not already accomplished through the ALS suspension. The United States and Idaho Constitutions protect against state deprivation of a person's "life, liberty, or property, without due process of law." U.S. CONST. amend. XIV, § 1; IDAHO CONST. art. I, § 13; *Idaho Dairymen's Ass'n, Inc. v. Gooding County*, 148 Idaho 653, 661, 227 P.3d 907, 915 (2010). In order to prevail on a substantive due process claim, the state action that deprives a person of life, liberty, or property must be arbitrary, capricious, or without a rational basis. *Idaho Dairymen's*, 148 Idaho at 661, 227 P.3d at 915. Conversely, a substantive due process violation will not be found if the state action "bears a reasonable relationship to a permissible legislative objective." *Id.*

The ITD hearing officer did not make a specific ruling regarding Peck's substantive due process rights.[3] The district court found that Peck's substantive due process rights were not violated, stating that there was a strong public interest in keeping its roadways safe and free of intoxicated drivers who pose a risk to themselves and others. The district court relied on *Williams*, 153 Idaho 380, 283 P.3d 127, for support.

On appeal, Peck contends that his substantive due process rights were violated because he already served his ALS suspension and his CDL disqualification serves no additional legitimate state purpose. Additionally, Peck argues that his disqualification was arbitrary because his underlying conduct had no relation to operating a commercial motor vehicle.

In *Williams*, this Court addressed whether a CDL disqualification violated substantive due process rights. In that case, Williams received a lifetime CDL disqualification for his second DUI offense while driving a non-commercial motor vehicle. This Court stated:

> In [*Buell v. Idaho Dep't of Transp.*, 151 Idaho 257, 254 P.3d 1253 (Ct. App. 2011)] this Court stated "the remedial purpose of I.C. § 49-3[3]5 is to provide for the safety of the public by removing problem drivers . . . through

---

[3]      According to the hearing officer's findings of fact and conclusions of law, Peck argued at the hearing that the disqualification of his CDL was unconstitutional. The hearing officer addressed Peck's procedural due process claim, but not his substantive due process claim. The transcript of the hearing is not part of the record on appeal; therefore, we are unable to discern whether Peck's substantive due process issue was raised before the hearing officer. Nonetheless, the district court did address the issue on intermediate appeal.

6

disqualification." *Buell*, 151 Idaho at 261, 254 P.3d at 1257 (citing Statement of Purpose, SB 1001 (1989)). Here, as in *Buell*, the reason for the deprivation is public safety, one of the legislature's highest priorities. Removing a problem driver from the roadways in order to protect public safety is rationally related to a lifetime CDL disqualification for driving offenses occurring while driving a non-commercial vehicle. Williams has failed to demonstrate that I.C. § 49-335 may be characterized as arbitrary or that the statute bears no rational relationship to any legitimate legislative objective.

*Williams*, 153 Idaho at 391, 283 P.3d at 138.

In the instant case, Peck is unable to demonstrate that I.C. § 49-335 is arbitrary. As discussed in *Williams*, the State has a legitimate interest in ensuring that the roadways are protected from intoxicated drivers. That interest is rationally related to the disqualification of a CDL for driving offenses occurring while driving a non-commercial motor vehicle.

Additionally, Peck provides no authority supporting his claim that his CDL disqualification violated his substantive due process rights because it accomplished the same purpose as his ALS suspension. Indeed, ALS and CDL proceedings are two separate and distinct processes. *Platz*, 154 Idaho at 972, 303 P.3d at 659. In ALS proceedings, pursuant to I.C. 18-8002A, a driver who fails evidentiary testing will receive a ninety-day suspension for the first offense and a one-year suspension for subsequent offenses within five years. In a CDL disqualification, a driver who fails evidentiary testing will receive a one-year CDL disqualification for the first offense and a lifetime CDL disqualification for subsequent offenses. I.C. § 49-335; 49 C.F.R. § 383.51 (2013). Accordingly, a driver receiving a first DUI offense will have all driving privileges suspended for ninety days pursuant to ALS proceedings and will have commercial driving privileges suspended for one year pursuant to CDL proceedings. The State has a legitimate reason for enforcing a lengthier suspension in CDL proceedings as commercial vehicles pose a greater danger to the public. In *Williams*, this Court stated, "The commercial driving industry is highly regulated because of the size and weight of commercial vehicles and the heightened danger they pose to the public should they be misused. Impaired commercial drivers pose a unique danger to the public because of the type of vehicles they operate." *Williams*, 153 Idaho at 389, 283 P.3d at 136. In addition to providing for the public safety, the purpose of I.C. § 19-335 is to provide a strong deterrent effect to the misuse of commercial vehicles, whereas the purpose of I.C. § 18-8002A is to provide maximum safety to the public by getting intoxicated drivers immediately off public roadways. *Williams*, 153 Idaho

at 386, 283 P.3d at 133. Pursuant to I.C. § 49-335, the disqualification of a CDL is in addition to a suspension under I.C. § 18-8002A. *Id.* at 390, 283 P.3d at 137. Accordingly, the ALS proceedings do not accomplish the same purpose as the CDL proceedings and Peck is unable to demonstrate that his substantive due process rights were violated as a result of his CDL disqualification.

## III.

## CONCLUSION

Peck has failed to demonstrate reversible error. Accordingly, the district court's decision on judicial review affirming the disqualification of Peck's CDL is affirmed. As Peck is not the prevailing party, his request for attorney fees pursuant to I.C. § 12-117 is denied.

Chief Judge GUTIERREZ and Judge MELANSON **CONCUR.**