# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 48293

| | |
|---|---|
| AIMEE BLALACK, | ) |
| | ) Filed: August 11, 2021 |
| Petitioner-Appellant, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| IDAHO TRANSPORATION | ) OPINION AND SHALL NOT |
| DEPARTMENT, | ) BE CITED AS AUTHORITY |
| | ) |
| Respondent. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Bonner County. Hon. John C. Judge, District Judge.

Decision of the district court, acting in its appellate capacity, affirming the administrative suspension of driver's license, <u>affirmed</u>.

Arthur M. Bistline, Coeur d'Alene, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Susan K. Servick, Deputy Attorney General, Coeur d'Alene, for respondent.

---

GRATTON, Judge

Aimee Blalack appeals from the district court's decision upon judicial review affirming the Idaho Transportation Department's order suspending her driver's license. For the reasons set forth below, we affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Blalack was stopped by an Idaho State Trooper after she was observed driving forty-six miles-per-hour in a thirty-five miles-per-hour zone at 12:30 a.m. Upon approaching Blalack's vehicle, the trooper observed that Blalack had bloodshot and glassy eyes and, after being asked, indicated that she believed the speed limit was forty-five miles-per-hour. The trooper requested that Blalack exit her vehicle in order to question her further. After exiting her vehicle, Blalack admitted to drinking one glass of wine two hours earlier. The trooper conducted field sobriety

1

tests, which Blalack failed. The trooper then had Blalack perform two breath tests, both of which came back at .118. Blalack was issued a Notice of Suspension and arrested for driving under the influence (DUI).

Blalack's driver's license was subsequently suspended by the Idaho Transportation Department (ITD). Blalack requested an administrative hearing to contest her administrative license suspension (ALS), during which she argued that the trooper lacked legal cause to begin investigating her for DUI. The hearing officer found that, based on the circumstances and Blalack's condition, the trooper had reasonable suspicion to begin an investigation for DUI. The district court affirmed the hearing officer's decision. Blalack timely appeals.

## II.

## STANDARD OF REVIEW

An ITD administrative hearing officer's decision is subject to challenge through a petition for judicial review. Idaho Code § 18-8002A(8). The Idaho Administrative Procedures Act (IDAPA) governs judicial review of the ITD decisions to deny, cancel, suspend, disqualify, revoke, or restrict a person's driver's license. *See* I.C. §§ 49-201, 49-330, 67-5201(2), 67-5270. In an appeal from the decision of the district court acting in its appellate capacity under IDAPA, this Court reviews the agency record independently of the district court's decision. *Marshall v. Idaho Dep't of Transp.*, 137 Idaho 337, 340, 48 P.3d 666, 669 (Ct. App. 2002). This Court does not substitute its judgment for that of the agency as to the weight of the evidence presented. I.C. § 67-5279(1); *Marshall*, 137 Idaho at 340, 48 P.3d at 669. This Court instead defers to the agency's findings of fact unless they are clearly erroneous. *Castaneda v. Brighton Corp.*, 130 Idaho 923, 926, 950 P.2d 1262, 1265 (1998); *Marshall*, 137 Idaho at 340, 48 P.3d at 669. In other words, the agency's factual determinations are binding on the reviewing court, even where there is conflicting evidence before the agency, so long as the determinations are supported by substantial and competent evidence in the record. *Urrutia v. Blaine County, ex rel. Bd. of Comm'rs*, 134 Idaho 353, 357, 2 P.3d 738, 742 (2000); *Marshall*, 137 Idaho at 340, 48 P.3d at 669.

This Court may overturn an agency's decision where its findings, inferences, conclusions, or decisions: (a) violate statutory or constitutional provisions; (b) exceed the agency's statutory authority; (c) are made upon unlawful procedure; (d) are not supported by substantial evidence in the record; or (e) are arbitrary, capricious, or an abuse of discretion. I.C. § 67-5279(3). The

party challenging the agency decision must demonstrate that the agency erred in a manner specified in I.C. § 67-5279(3) and that a substantial right of that party has been prejudiced. *Price v. Payette County Bd. of County Comm'rs*, 131 Idaho 426, 429, 958 P.2d 583, 586 (1998); *Marshall*, 137 Idaho at 340, 48 P.3d at 669.

## III.

## ANALYSIS

Blalack argues that the hearing officer erred by failing to make any findings of fact that would support the conclusion that the trooper had legal cause to detain Blalack to conduct a DUI investigation. Further, Blalack argues that a remand is not necessary because the hearing officer's conclusion that the trooper had reasonable suspicion to conduct a DUI investigation was an abuse of discretion. We address each of these contentions below.

Idaho Code § 18-8002A(7) requires that a hearing officer prepare findings of fact and conclusions of law upon entering an order sustaining a license suspension. Blalack argues that the hearing officer failed to do so in her case. However, Blalack raises this issue for the first time on appeal to this Court. Generally, issues not raised below may not be considered for the first time on appeal. *State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992). Blalack's argument as to the findings of fact is therefore not preserved. However, had Blalack's argument been preserved, the hearing officer set out a sufficient factual basis to support the ruling. A review of the record reveals that the hearing officer took note of the trooper's testimony that Blalack was speeding, had slurred speech and glassy eyes, and that she admitted to drinking upon exiting her vehicle. The hearing officer also noted that Blalack did not present evidence that prevailed over this testimony. Blalack's argument that the hearing officer failed to set forth findings of fact is without merit.

The administrative license suspension statute, I.C. § 18-8002A, requires that the ITD suspend the driver's license of a driver who has failed a blood alcohol concentration (BAC) test administered by a law enforcement officer. A person who has been notified of an ALS may request a hearing before a hearing officer designated by the ITD to contest the suspension. I.C. § 18-8002A(7). At the administrative hearing, the burden of proof rests upon the driver to prove any of the grounds to vacate the suspension. I.C. § 18-8002A(7); *Kane v. State, Dep't of Transp.*, 139 Idaho 586, 590, 83 P.3d 130, 134 (Ct. App. 2003). The hearing officer must uphold

the suspension unless he or she finds, by a preponderance of the evidence, that the driver has shown one of several grounds enumerated in I.C. § 18-8002A(7) for vacating the suspension.

Blalack argues that the hearing officer erred by failing to find that she showed that the suspension should be vacated on grounds set forth in I.C. § 18-8002A(7)(a), as the trooper did not have legal cause to extend the stop. Blalack does not challenge the initial stop, rather she asserts that her detention was unlawfully prolonged when the officer asked her to exit her vehicle to question her based on her glassy eyes and slurred speech. In support of her argument, Blalack cites to multiple cases for the proposition that glassy eyes, slurred speech, and speeding alone do not support reasonable suspicion of DUI. This argument is likewise without merit. While perhaps none of the factors in this case, taken alone, provide reasonable suspicion of DUI, they do when considered together. Blalack was stopped for speeding at 12:30 a.m., admitted to not knowing the speed limit, had glassy eyes and slurred speech, and admitted to drinking. "[F]ew additional facts are needed beyond bloodshot and glassy eyes to provide reasonable suspicion of impaired driving or illegal drug activity." *State v. Perez-Jungo*, 156 Idaho 609, 616, 329 P.3d 391, 398 (Ct. App. 2014). These factors were sufficient to provide reasonable suspicion to investigate driving under the influence. Therefore, the hearing officer did not err in finding that the trooper had reasonable suspicion to extend the stop for a DUI investigation.

## IV.

## CONCLUSION

The hearing officer did not fail to prepare adequate factual findings and did not err in finding that the trooper had legal cause to extend Blalack's detention for a DUI investigation. Accordingly, we affirm the district court's decision upon judicial review affirming the ITD's order suspending Blalack's driver's license.

Chief Judge HUSKEY and Judge BRAILSFORD **CONCUR**.

4