IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 48120

| | |
|---|---|
| RYAN PATRICK SATTER, | ) |
| | ) Filed: June 24, 2021 |
| Petitioner-Appellant, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| IDAHO TRANSPORTATION | ) OPINION AND SHALL NOT |
| DEPARTMENT, | ) BE CITED AS AUTHORITY |
| | ) |
| Respondent. | ) |
| | ) |

Appeal from the District Court of the Second Judicial District, State of Idaho, Nez Perce County. Hon. Jay P. Gaskill, District Judge.

Judgment of the district court affirming hearing officer's order upholding the suspension of driver's license, affirmed.

Clark and Feeney, LLP; Paul Thomas Clark, Lewiston, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Susan K. Servick, Special Deputy Attorney General, Coeur d'Alene, for respondent.

_____

GRATTON, Judge

Ryan Patrick Satter appeals from the district court's decision on judicial review affirming a hearing officer's order that sustained the suspension of Satter's driver's license for failing a breath alcohol concentration test. For the reasons set forth below, we affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

On November 3, 2019, an officer from the Lewiston Police Department observed Satter driving with an inoperable headlight, making slow turns, and swerving within his lane. The officer initiated a traffic stop and after observing Satter, the officer suspected that Satter was driving under the influence (DUI). The officer requested that Satter perform field sobriety tests. Satter failed the tests. Thereafter, the officer read aloud to Satter the advisory required by Idaho Code § 18-8002A. During the reading, the officer stated as follows:

You have the right to an Administrative Hearing on the suspension before the Idaho Department of Transportation Department *to show cause why* you failed the evidentiary testing and fail to pass the testing and do not . . . . Okay, I'm going to start over. You have the right to an Administrative Hearing on the suspension before the Idaho Transportation Department *to show why* you failed the evidentiary test and why your license should not be suspended . . . .

The officer also provided a written version of the advisory to Satter. Satter submitted to and failed the breathalyzer test. Satter was issued a notice of suspension and was arrested for DUI.

Satter requested an Idaho Transportation Department (Department) hearing to challenge the administrative license suspension (ALS). The hearing officer held a telephonic hearing at Satter's request. At the hearing, Satter argued that he was not properly advised of his rights according to I.C. § 18-8002A. The hearing officer disagreed and entered a final order affirming Satter's ninety-day license suspension. Thereafter, Satter filed a petition for judicial review to challenge the final order. On Satter's motion, the district court stayed the hearing officer's decision pending judicial review. Ultimately, the district court affirmed the hearing officer's decision. Satter timely appeals.

## II.

## STANDARD OF REVIEW

The administrative license suspension statute, I.C. § 18-8002A, requires that the Department suspend the driver's license of a driver who has failed a breath alcohol concentration test administered by a law enforcement officer. The period of suspension is ninety days for a driver's first failure of an evidentiary test and one year for any subsequent test failure within five years. I.C. § 18-8002A(4)(a). A person who has been notified of an ALS may request a hearing before a hearing officer, designated by the Department, to contest the suspension. I.C. § 18-8002A(7); *Kane v. State, Dep't of Transp.*, 139 Idaho 586, 588, 83 P.3d 130, 132 (Ct. App. 2003). The burden of proof at an ALS hearing is on the individual challenging the license suspension. *Kane*, 139 Idaho at 590, 83 P.3d at 134. The hearing officer must uphold the suspension unless he or she finds, by a preponderance of the evidence, that the driver has shown one of several grounds enumerated in I.C. § 18-8002A(7) for vacating the suspension. One of those grounds is set forth as follows: "(e) The person was not informed of the consequences of submitting to evidentiary testing as required in subsection (2) of this section." I.C. § 18-8002A(7)(e).

2

The hearing officer's decision is subject to challenge through a petition for judicial review. I.C. § 18-8002A(8); *Kane*, 139 Idaho at 589, 83 P.3d at 133. The Idaho Administrative Procedures Act (IDAPA) governs the review of the Department decisions to deny, cancel, suspend, disqualify, revoke, or restrict a person's driver's license. *See* I.C. §§ 49-201, 49-330, 67-5201(2), 67-5270. A court may overturn an agency's decision where its findings, inferences, conclusions, or decisions: (a) violate statutory or constitutional provisions; (b) exceed the agency's statutory authority; (c) are made upon unlawful procedure; (d) are not supported by substantial evidence in the record; or (e) are arbitrary, capricious, or an abuse of discretion. I.C. § 67-5279(3). The party challenging the agency decision must demonstrate that the agency erred in a manner specified in I.C. § 67-5279(3) and that a substantial right of that party has been prejudiced. *Price v. Payette County Bd. of County Comm'rs*, 131 Idaho 426, 429, 958 P.2d 583, 586 (1998); *Marshall v. Dep't of Transp.*, 137 Idaho 337, 340, 48 P.3d 666, 669 (Ct. App. 2002). If the agency's decision is not affirmed on judicial review, "it shall be set aside . . . and remanded for further proceedings as necessary." I.C. § 67-5279(3)(e).

In an appeal from the decision of the district court acting in its appellate capacity under IDAPA, this Court reviews the agency record independently of the district court's decision. *Marshall*, 137 Idaho at 340, 48 P.3d at 669. This Court does not substitute its judgment for that of the agency as to the weight of the evidence presented. I.C. § 67-5279(1); *Marshall*, 137 Idaho at 340, 48 P.3d at 669. This Court instead defers to the agency's findings of fact unless they are clearly erroneous. *Castaneda v. Brighton Corp.*, 130 Idaho 923, 926, 950 P.2d 1262, 1265 (1998); *Marshall*, 137 Idaho at 340, 48 P.3d at 669. That is, the agency's factual determinations are binding on the reviewing court, even where there is conflicting evidence before the agency, so long as the determinations are supported by substantial and competent evidence in the record. *Urrutia v. Blaine County*, 134 Idaho 353, 357, 2 P.3d 738, 742 (2000); *Marshall*, 137 Idaho at 340, 48 P.3d at 669.

### III.

### ANALYSIS

Satter argues that the district court erred by affirming the hearing officer and upholding Satter's license suspension because he was not properly advised of the consequences and ramifications of refusing or failing the evidentiary testing as required by I.C. § 18-8002A.

3

An I.C. § 18-8002A license suspension must be vacated if an officer fails to inform the licensee of certain information, as required by the statute, prior to evidentiary testing. I.C. § 18-8002A(7)(e); *Bell v. Idaho Transp. Dep't*, 151 Idaho 659, 664, 262 P.3d 1030, 1035 (2011); *State v. Kling*, 150 Idaho 188, 192, 245 P.3d 499, 503 (Ct. App. 2010). Idaho Code § 18-8002A(2) sets forth the information to be given to a driver who submits to evidentiary testing as follows:

> At the time of evidentiary testing for concentration of alcohol or for the presence of drugs or other intoxicating substances is requested, the person shall be informed that if the person refuses to submit to or fails to complete evidentiary testing, or if the person submits to and completes evidentiary testing and the test results indicate an alcohol concentration or the presence of drugs or other intoxicating substances in violation of section 18-8004, 18-8004C or 18-8006, Idaho Code, the person shall be informed *substantially* as follows (*but need not be informed verbatim*):
>
> If you refuse to submit to or if you fail to complete and pass evidentiary testing for alcohol or other intoxicating substances:
>
> > (a) The peace officer will issue a notice of suspension and you will be required to install, at your expense, a state-approved ignition interlock system on all motor vehicles you operate for a period to end one (1) year following the end of the suspension period;
> >
> > (b) You have the right to request a hearing within seven (7) days of the notice of suspension of your driver's license to *show cause why* you refused to submit to or to complete and pass evidentiary testing and why your driver's license should not be suspended . . . .

(Emphasis added).

Satter contends that applicable case law requires strict compliance with the statutory language and the officer's instructions here did not completely inform him of the appropriate information. Specifically, Satter argues that he was improperly advised because, when re-reading the advisory, the officer incorrectly stated that Satter was required to "show why" he failed or refused the evidentiary testing instead of advising Satter, in accordance with the statute, that he must "show cause why" he failed or refused the evidentiary testing. Satter claims that the phrase "show why" is a lower evidentiary burden of proof than the required "show cause why." Satter also claims that the decision rendered by the administrative hearing officer was made upon unlawful procedures. To support his arguments, Satter cites to *Cunningham v. State*, 150 Idaho 687, 249 P.3d 880, 885 (Ct. App. 2011) and *Matter of Virgil*, 126 Idaho 946, 895 P.2d 182 (Ct. App. 1995).

In response, the Department argues that the district court did not err by affirming the hearing officer's order because Satter was substantially informed of the language found in I.C.

4

§ 18-8002(A)(2). In addition, the Department asserts that this case is factually different than *Cunningham* and *Virgil* and warrants a different result. We agree with the Department.

Satter incorrectly argues that this case is controlled by *Virgil* and *Cunningham*. The drivers in both *Virgil* and *Cunningham* refused testing; thus, their advisory requirements were governed by I.C. § 18-8002. Here, the applicable statute is I.C. § 18-8002(A)(2). These statutes have similar, but not identical requirements.[1] As Satter points out, and as noted in *Virgil* and *Cunningham*, strict compliance with advisory requirements is required under I.C. § 18-8002. On the other hand, as noted by the Idaho Supreme Court in *Halen v. State*, 136 Idaho 829, 834, 41 P.3d 257, 262 (2002), I.C. § 18-8002(A)(2) only requires that the motorist be substantially informed of the advisory information. The *Halen* Court held:

> However, according to I.C. § 18-8002(A)(2), the motorist "need not be informed verbatim;" rather, he or she need only be "substantially" informed of the information contained in that section.

*Halen*, 136 Idaho at 834, 41 P.3d at 262. The *Virgil* and *Cunningham* Courts applied I.C. § 18-8002, which requires strict compliance and thus, did not analyze whether there was, in those cases, substantial compliance with the advisory requirements under I.C. § 18-8002(A)(2). Because I.C. § 18-8002(A)(2) requires substantial compliance, *Virgil* and *Cunningham* are not controlling in the analysis of this case.

As noted above, the officer read aloud to Satter the advisory required by Idaho Code § 18-8002A. During the reading, the officer stated:

> You have the right to an Administrative Hearing on the suspension before the Idaho Department of Transportation Department *to show cause why* you failed the evidentiary testing and fail to pass the testing and do not . . . . Okay, I'm

---

[1] Idaho Code § 18-8002 is titled "Tests of driver for alcohol concentration, presence of drugs or other intoxicating substances--Penalty and suspension upon refusal of tests" and sets forth, in part, the following requirements:

> (3) At the time evidentiary testing for concentration of alcohol or for the presence of drugs or other intoxicating substances is requested, the person *shall* be informed that if he refuses to submit to or if he fails to complete evidentiary testing:
>
> . . . .
>
> (c) He has the right to request a hearing within seven (7) days to show cause why he refused to submit to, or complete evidentiary testing;

I.C. § 18-8002(3) (emphasis added). Obviously, this statute does not include the language in I.C. § 18-8002(A)(2) regarding substantial but not verbatim conveyance of the information.

going to start over. You have the right to an Administrative Hearing on the suspension before the Idaho Transportation Department *to show why* you failed the evidentiary test and why your license should not be suspended . . . .

The officer also provided a written version of the advisory to Satter. Satter argues that although he was given two correct recitations of the advisory, the officer's subsequent misstatement rendered the advisory incomplete. We disagree. The language in question was properly read aloud to Satter and was also provided to Satter in written form. As a result, Satter was given two proper advisories informing him that he must "show cause why" he failed the evidentiary test. The misreading of one word, after providing two correct recitations of the statutory language, does not render Satter's advisory incomplete[2] And as Satter points out, our Supreme Court "has 'emphatically discountenanced interjection of judicial gloss upon the legislature's license suspension scheme.'" *Virgil*, 126 Idaho at 947, 895 P.2d at 183 (quoting *Matter of Beem*, 119 Idaho 289, 292, 805 P.2d 495, 498 (Ct. App. 1991)). Therefore, we conclude that the advisory given was in substantial compliance with the statutory language.

To the extent Satter contends that *Cunningham* and *Virgil* provide guidance as to whether there was substantial compliance with the advisory requirements here, we again disagree. In *Cunningham*, the Court set forth the facts and its reasoning stating:

> Based on the specific facts of this case, we conclude that the information provided to Cunningham did not comport with that required by I.C. § 18-8002(3) and, therefore, rendered the written and recorded advisory given to Cunningham incomplete. As mentioned above, the officer incorrectly asserted that Cunningham would immediately lose his license should he refuse to submit to testing, that he could only obtain additional evidentiary testing after bonding out of jail, and that he must prove his innocence to the judge at the show cause hearing. The officer conveyed such incorrect information after notifying Cunningham that he "specialized" in DUI testing and that he instructed officers on how to properly administer field sobriety tests. In addition, before answering any of Cunningham's questions, the officer stated that he would explain what the Idaho Code required and what Idaho courts have said about the consequences of a refusal. The officer was adamant that the information he conveyed to

---

[2] This Court acknowledges that, practically speaking, the need for an advisory arises before the driver has chosen to either submit to or refuse evidentiary testing. Yet the statute that governs the requirements of the advisory is determined by the driver's subsequent choice regarding testing. While it could reasonably be argued that the requirements for the advisory should be identical regardless of the driver's later choice, it is within the province of the legislative branch to determine a statute's structure and language. Courts are not at liberty to rewrite statutes or disregard the applicable statutory language and this Court must apply the language of Idaho Code § 18-8002A as written.

> Cunningham was the law, even if such information contradicted what was previously contained in the written and recorded advisory. The officer's continuous, repetitive recitation of incorrect information regarding the consequences for refusal rendered the initial advisory incomplete.

*Cunningham*, 150 Idaho at 693, 249 P.3d at 886. Although Satter claims that *Cunningham* is most similar to his case, it is not, as here, there was not the "continuous repetitive recitation of incorrect information," given that Satter was twice given the correct advisory. Additionally, the officer's behavior in this case is nothing like the officer's behavior in *Cunningham*.

In *Virgil*, the form and the officer's recitation of the form, advised Virgil: "You have a right to submit a written request within seven (7) days to the Magistrate Court of Twin Falls County for a hearing to explain why you refused to take the tests." *Virgil*, 126 Idaho at 948, 895 P.2d at 184. This Court compared "explain why" to "show cause" in order to determine whether they were essentially synonymous for purpose of analyzing strict compliance. The Court determined that "explain why" conveyed a lesser burden and so the advisory was not in strict compliance with the statute. *Id.* at 948, 895 P.2d at 184. Based on that reasoning, the Court concluded:

> Because the requirements of I.C. § 18-8002(3) are recited "in no uncertain terms," and drivers must be "completely" advised of their rights and duties under that provision, we hold that Virgil was not properly advised pursuant to I.C. § 18-8002(3).
>            . . . .
> [T]he advisory form used by the Twin Falls Police Department did not properly advise Virgil of his rights and duties under Idaho's implied consent statute, I.C. § 18-8002.

*Id.*

Satter was twice given a proper advisory informing him that he must "show cause why." The "show cause why" language was properly read aloud to Satter and was also provided to Satter in written form. Thus, *Virgil* does not change our analysis of whether Satter was substantially informed of the information contained in the statute. Therefore, we conclude that the advisory given to Satter was in substantial compliance with the statutory language.[3] The

---

[3]     Satter claims that the decision of the hearing officer was made upon unlawful procedure. However, this claim is the same as his claim that he was not substantially informed of his rights pursuant to I.C. § 18-8002A, rendering the advisory form invalid. Satter's unlawful procedure claim fails since we have concluded that he was substantially advised of his rights.

district court correctly affirmed the hearing officer's order upholding the administrative suspension of Satter's driver's license.

## IV.

## CONCLUSION

Satter has failed to show that the district court erred. Accordingly, the district court's decision on judicial review affirming the hearing officer's order upholding the administrative suspension of Satter's driver's license for failing a breath alcohol concentration test is affirmed.

Chief Judge HUSKEY and Judge LORELLO **CONCUR**.